JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Andre Martin appeals from the sentence imposed upon his guilty plea to one count of gross sexual imposition. For the reasons set forth below, we reverse and remand for resentencing. On August 29, 2003, defendant was indicted pursuant to a six count indictment, in connection with an alleged assault upon his three-year-old daughter during county supervised visitation. Counts One and Four charged defendant with rape of a child under the age of thirteen, with furthermore clauses charging that the victim was under the age of ten, that defendant purposely compelled her to submit by force, and that he caused serious physical harm to her, and with a sexually violent predator specification. Count Two charged defendant with kidnapping with a sexual motivation specification and a sexually violent predator specification. Count Three charged defendant with gross sexual imposition upon a child under the age of thirteen, with a furthermore clause alleging that he compelled the victim to submit by force, and a sexually violent predator specification. Count Five charged defendant with kidnapping and Count Six charged him with endangering children.
 {¶ 2} On October 21, 2003, the State of Ohio deleted the sexually violent predator specification from Count Three and defendant entered a guilty plea to this charge, gross sexual imposition, a third degree felony. The state and the defense also stipulated that defendant is a sexually oriented offender. The remaining charges were nolled.
 {¶ 3} On November 20, 2003, the trial court held a sentencing hearing. At this time, defendant's trial counsel asserted that various factors relied upon by the state in connection with its decision to file criminal charges "lend themselves to an innocent explanation" (tr.4), and that defendant had entered the guilty plea upon the advice of counsel, and in light of the severity of the potential sentence. Defense counsel further asserted that defendant had no adult criminal felony record and urged the court to impose a community control sanction.
 {¶ 4} Thereafter, the trial court took sworn testimony from the victim's mother, Cherita Rankin, and maternal grandmother, Estella Rankin. Social worker Gina Zazzara also spoke to the court.
 {¶ 5} Estella Rankin, custodian of the girl, testified that defendant caused harm to the girl, that she has nightmares, and now sleeps with her hands between her legs. Rankin also testified that the girl has vaginal discharge, has exposed herself to other children and is currently receiving psychiatric care.
 {¶ 6} Charita Rankin testified that she still loves defendant and forgives him.
 {¶ 7} Zazzara stated that, following a supervised visit with her father, the little girl cried and said that defendant hurt her "cuckoo." Zazzara took the girl to the hospital and, according to Zazzara, the examining doctor determined that the girl's vaginal area was red, irritated and swollen and that there was a trace of blood in the vaginal area.
 {¶ 8} The court then stated, in relevant part, as follows:
 {¶ 9} "The finding at St. Michael's did not in any way link her red and irritated vaginal area to eczema, nor the blood in the vagina was not from a urinary tract infection * * * it does say that the clinical impression is an alleged sexual assault * * * the child is three. She is still — she is seeing a psychiatrist. I think two right now, according to the testimony, sworn testimony of the grandmother. She is having nightmares. She loves her father, she wants to see her father, but she doesn't want him to hurt her again. * * * *." (Tr. 20-23).
 {¶ 10} The court then determined that it would not impose a community control sanction, and that a one-year term of imprisonment was not adequate and would seriously demean the nature of the offense. The court sentenced defendant to three years imprisonment plus five years of post-release control sanctions and ordered that defendant have no contact with the girl.
 {¶ 11} Defendant now appeals and assigns the following errors for our review:
 {¶ 12} "The trial court did not observe sentencing guidelines when it failed to admit the appellant to a community control sanction."
 {¶ 13} "The trial court's failure to impose the minimum prison term was error."
 {¶ 14} Within these assignments of error, defendant maintains that the trial court failed to correctly apply R.C. 2929.13, R.C.2929.11, and R.C. 2929.12 when it sentenced him to a three-year term of incarceration.
 {¶ 15} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.12, 2929.13, and 2929.14, determine the particular sentence to impose. State v. Martin, 136 Ohio App.3d 355, 362,1999-Ohio-814, 736 N.E.2d 907.
 {¶ 16} R.C. 2929.11(A) requires that the trial court be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Pursuant to R.C. 2929.11(B), the trial court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses by similar offenders."
 {¶ 17} The sentencing guidelines do not provide a presumption in favor of a prison sentence or guidance for a community control sentence for third-degree felonies. R.C. 2929.13(C). The trial court must sentence the offender to community control if it: (1) does not find the existence of any one of the factors set forth in R.C. 2929.13(B)(1); and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that community control is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11. R.C.2929.13(B)(2)(b).
 {¶ 18} R.C. 2929.14 provides that the basic prison term for a felony of the third degree is one, two, three, four, or five years.
 {¶ 19} R.C. 2929.12 provides in relevant part as follows:
 {¶ 20} "(A) * * * the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 21} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 22} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 23} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 24} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 25} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 26} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 27} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 28} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 29} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 30} "(9) If the offense is a violation of section 2919.25
or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 {¶ 31} "* * *
 {¶ 32} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 33} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16,2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
[2929.14.1] of the Revised Code.
 {¶ 34} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 35} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 36} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 37} "(5) The offender shows no genuine remorse for the offense."
 {¶ 38} In accordance with the foregoing, the trial court must sentence the offender to community control if it: (1) does not find the existence of any one of the factors set forth in R.C.2929.13(B)(1); and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that community control is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11."
 {¶ 39} R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment, unless it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2); see, also, State v. Jones,93 Ohio St.3d 391, 398, 2001-Ohio-1341, 754 N.E.2d 1252.
 {¶ 40} Compliance with the aforementioned sentencing statutes is required and a sentence unsupported by the requisite findings is both incomplete and invalid. State v. Martin, supra.
 {¶ 41} In Apprendi v. New Jersey (2000), 530 U.S. 466, 490,147 L.Ed. 2d 435, 120 S.Ct. 2348, the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Recently, in Blakely v.Washington (2004), 159 L.Ed.2d 403, 124 S.Ct. 2531, the Court further held that "the `statutory maximum' for Apprendi
purposes is the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admittedby the defendant." (Emphasis in original.) Id.
 {¶ 42} In this instance, after defendant entered a guilty plea to gross sexual imposition, the trial court held a separate hearing in which it took sworn testimony, received and considered other evidence, made findings, then rejected the community control sanction. These findings were neither admitted by defendant nor rendered by a jury, and defendant neither stipulated to the relevant facts nor consented to judicial factfinding. Cf. Blakely v. Washington, supra. The court then made additional findings in support of the three-year term. Accordingly, because standard of proof required for the findings under the aforementioned statutes may now be altered in accordance with the Supreme Court's holding in Blakely v.Washington, supra, the issues raised within Blakely must be considered by the trial court. Defendant's sentence must be vacated and the matter remanded in order that the parties may brief and the court may consider the issues raised in light ofBlakely.
 {¶ 43} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and Sean C. Gallagher, J., Concur.