{¶ 31} I respectfully dissent from the majority in its decision on Assignment of Error One: consecutive sentences.
 {¶ 32} This court has previously held that the not disproportionate to the seriousness of the offender's conduct finding is limited to the offender's conduct to the case at hand.State v. Cobbins, Cuyahoga App. No. 82510, 2004-Ohio-3736. In the case at bar, the trial judge concluded that defendant was a "terrorist." That conclusion is not justified by the conduct inthis case. More significantly, the trial court failed to explain why the theft of two car radios, along with criminal damaging, was even serious, much less serious enough to justify consecutive sentences.
 {¶ 33} The trial court recited the defendant's prior record as a juvenile and an adult and found that a minimum sentence would demean the seriousness of the crime, but the court never addressed proportionality, at least not in words I recognized as such, under the issue of consecutive sentences. Nor does the majority discuss how the court satisfied this statutory requirement.
 {¶ 34} The Supreme Court of Ohio has indicated the reasons must be aligned with the court's findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. The trial judge found a consecutive sentence "necessary to not only protect the public from future crime but to punish defendant." Tr. 28. As reasons, the judge cited a lack of remorse and defendant's criminal history. Tr. 29. These reasons would not support the proportionality requirement. A record of repeated crimes outside the case at bar does not support a finding of seriousness in the case at bar. Because the trial court failed to satisfy the proportionality requirement, I would vacate the sentence and remand for a new sentencing hearing.
 {¶ 35} There is a letter in the record from local businesses alleging the cars of several customers and staff were broken into and claiming several thousands of dollars in damages. This vague assertion of crime in that neighborhood, however, cannot be attributed entirely, if at all, to defendant. Nor can the trial court accept the letter's description of the cost of that crime, especially since the amount is claimed in a letter by businessmenwho were not the victims of Mr. Duffield's crimes and who hadnot established any first-hand knowledge of the cost. Tr. 17. The trial judge specifically stated he would not consider "any facts outside contained in that letter." Tr. 25. The majority, however, reported that letter and specifically attributed the amount of damage detailed in the letter to "Duffield breaking into the cars on an ongoing basis." Ante 3. Such a reliance on unlitigated facts outside the case is precisely what the recent U.S. Supreme Court case of Blakely v. Washington (2004),159 L.Ed.2d 403, 124 S.Ct. 2531, challenges: that is, sentences imposed on the basis of facts not presented to the jury or admitted by the defendant. As this court has previously explained, because the "standard of proof required for the findings under the aforementioned [sentencing] statutes may now be altered in accordance with the Supreme Court's holding inBlakely v. Washington, * * * the issues raised within Blakely
must be considered by the trial court." State v. Martin,2004-Ohio-5034, ¶ 42.
 {¶ 36} The majority has ignored that defense counsel gave notice of additional authority, Blakely being one of the cases. Although defense counsel did not expressly argue Blakely, the U.S. Supreme Court has established precedent that when a decision of its court results in a new rule, that rule applies to all criminal cases, both state and federal, still pending on direct review. Schriro v. Summerlin, 2004 U.S. LEXIS 4574. I believe, therefore, that this court is obliged to consider Blakely.
 {¶ 37} Currently, the sentencing statutes provide a presumption against prison for first-time offenders and against consecutive sentences. R.C. 2929.14(B); R.C. 2929.41; State v.Barnhouse, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874. To go against these presumptions, the statute requires certain judicial findings. In Apprendi the Supreme Court clarified that "[i]f a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the State labels it — must be found by a jury beyond a reasonable doubt." Ring v. Arizona (2002), 122 S.Ct. 2428,2439, citing Apprendi v. New Jersey (2000), 530 U.S. 466, at 482-83. Ring makes it clear that the principle enunciated inApprendi — that the right to trial by jury precluded a defendant from receiving any greater sentence than that based on the factual findings of a jury — is now the law.
 {¶ 38} To expand what the concurring opinion said in Statev. Taylor, 2004-Ohio-4468, ¶ 45, Ohio law does not allow the trial court to impose maximum or consecutive sentences (and certain other aspects of sentencing such as prison for first-time offenders) solely in its discretion. Under Blakely, such sentences require findings by a jury. Because the trial judge in the case at bar — albeit to satisfy the sentencing statute — relied upon facts beyond what the jury found, for example, in finding that defendant was a "terrorist," I believe there are constitutional violations that provide a second basis for vacating the sentence and remanding this case for the application of Blakely.[12]
[12] I am mindful that the recent decision in State ex relMason v. Griffin, 103 Ohio St.3d 1469, 2004-Ohio-5294,815 N.E.2d 1122, limits what the judge can do on remand to satisfyBlakely.