JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Adam Maracz appeals from the total sentence imposed after he entered guilty pleas to a charge of aggravated vehicular assault and a charge of leaving the scene of an accident.
 {¶ 2} Appellant asserts his sentence is contrary to law for two reasons, viz., it contravenes the United states Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, and it lacks proper support in the record. This court disagrees. Consequently, appellant's sentence of a total term of three years is affirmed.
 {¶ 3} The record reflects this case results from a motor vehicle collision that took place on November 11, 2003. While appellant was proceeding northbound on Interstate 71, his vehicle struck another vehicle that contained two persons. Although the other vehicle sustained significant damage and its occupants were hurt, appellant continued on his way; approximately four hours later, however, he surrendered himself to the police.
 {¶ 4} Appellant subsequently was indicted on three counts as follows: two counts of aggravated vehicular assault, R.C. 2903.08, each with a driving under suspension specification, and one count of leaving the scene of an accident, R.C. 4549.02, with a furthermore clause for causing serious physical harm to a person.
 {¶ 5} Appellant eventually entered into a plea agreement with the state. In exchange for appellant's guilty pleas to an amended count one, to include the names of both victims, and to count three, the state would dismiss count two. During the proceedings, appellant acknowledged he understood count one was a felony of the third degree. As such, it carried a potential penalty of one to five years of incarceration. The trial court accepted appellant's pleas.
 {¶ 6} Prior to sentencing appellant, the trial court obtained a presentence report. The court invited appellant's attorney, appellant, and the victims to speak, then addressed appellant concerning the circumstances of the incident.
 {¶ 7} The trial court indicated it questioned appellant's version of his actions. In particular, the court wanted to know if appellant waited four hours before going to the police "to let some substance be metabolized throughout [his] body so we (sic) wouldn't know if [he was] drunk or high on something?" Although appellant responded, "No, your Honor," the court asked appellant if the suspension of his driver's license was for his "last driving under the influence" citation. Once again, appellant answered, "No."
 {¶ 8} The court reminded appellant that it counted four previous occasions on which he was arrested for actions he took while intoxicated. At that point, the court speculated four hours "may have been enough to metabolize whatever substance, if any, was in your system, correct?" Appellant responded, "Correct."
 {¶ 9} The court then acknowledged appellant could not be sentenced on "guesses," but reminded appellant that, according to the presentence report, he admitted he "began drinking at the age of 19," and he further admitted that he stopped only "after this accident." The court concluded by stating that since appellant previously had attended court-ordered substance abuse classes that had not led him to "rehabilitate" himself, appellant was sentenced on the charge of aggravated vehicular assault to a term of three years, because "a minimum term on this case would not reflect the seriousness of [his] actions, nor would it protect the public." The court sentenced appellant to a six-month concurrent term on the charge of leaving the scene of an accident.
 {¶ 10} Continuing, the court found appellant had committed one of the "worst forms" of the offense because he failed to either stop or render some type of aid to his victims, and because appellant was "not even legal to be on that road as a driver that night."
 {¶ 11} Appellant timely appeals, presenting the following two assignments of error for review.
 {¶ 12} "I. APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND SIXTH AMENDMENT RIGHT TO A JURY TRIAL WERE VIOLATED BY THE COURT'S IMPOSITION OF MORE THAN THE MINIMUM SENTENCE BASED UPON FACTUAL FINDINGS NOT MADE BY A JURY NOR STIPULATED BY APPELLANT.
 {¶ 13} "II. APPELLANT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE RECORD DOES NOT SUPPORT THE SENTENCING JUDGE'S FINDINGS."
 {¶ 14} Appellant asserts a sentence of three years is improper for two reasons. First, because it contravenes Blakely, supra. Second, because the trial court's reasons for determining he committed the "worst" form of the offense of aggravated vehicular assault simply constituted the actual elements of the two crimes to which he entered his guilty pleas. Neither of appellant's assertions has merit.
 {¶ 15} As to appellant's first assignment of error, it is answered by this court's en banc opinion, State v. Atkins-Boozer (May 31, 2005), Cuyahoga App. No. 84151.
 {¶ 16} R.C. 2929.14 provides a one-year to five-year range as the basic prison term for a felony of the third degree. State v. Martin,
Cuyahoga App. No. 83941, 2004-Ohio-5034, ¶ 18. Since appellant's sentence of three years was within this statutory range, it does not violate Blakely. State v. Atkins-Boozer, supra.
 {¶ 17} Appellant's first assignment of error, accordingly, is overruled.
 {¶ 18} In his second assignment of error, appellant argues that the trial court in this case improperly used the elements of both offenses to which appellant pleaded guilty as justification for enhancing the penalty for the first. See, e.g., State v. Schlecht, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, ¶ 52. This court disagrees.
 {¶ 19} The record supports a conclusion that the trial court's sentence is justified. Appellant had a long history of careless driving, and, despite the fact that his privilege to drive had been revoked, he continued in this course of conduct, thus causing more harm by his actions than he had previously.
 {¶ 20} Moreover, the record demonstrates that after fleeing the scene, despite having time to reflect upon his actions and being reminded of a responsibility to his victims, he failed to return to the scene to accept that responsibility. Instead, he waited until he could be sure any potential tests of the alcohol level in his system would be inconclusive.
 {¶ 21} The trial court's sentence of three years, therefore, cannot be deemed contrary to law.
 {¶ 22} Accordingly, appellant's second assignment of error also is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions and sentences having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. concurs.
Gallagher, J. concurs in judgment only and concurs fully with assignment of error 2 (see separate opinion)
 CONCURRING IN JUDGMENT ONLY AND CONCURRING