JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael Perry appeals from his convictions in the Cuyahoga County Court of Common Pleas for rape, aggravated robbery, kidnaping, aggravated burglary, gross sexual imposition, and having a weapon while under disability. For the following reasons, defendant's conviction is reversed, sentence is vacated, and case is remanded for further proceedings.
 {¶ 2} On April 10, 2002, the Cuyahoga County Grand Jury indicted defendant on 21 counts: five counts of rape with firearm specifications, in violation of R.C. 2907.02; six counts of kidnaping with firearm and repeat violent offender ("RVO") specifications, in violation of R.C.2905.01; one count of gross sexual imposition, in violation of R.C.2907.05; six counts of aggravated robbery with firearm and RVO specifications, in violation of R.C. 2911.01; one count of aggravated burglary with firearm and RVO specifications, in violation of R.C. 2911.11; and two counts of having a weapon while under disability, in violation of R.C. 2923.13.
 {¶ 3} On September 11, 2002, defendant pleaded guilty to each of the 21 counts as set forth in the indictment. At the time of his plea, defendant agreed to testify in the trials of his co-defendants.
 {¶ 4} On October 22, 2002, defendant was sentenced to a total of 30 years and classified as a sexual predator pursuant to R.C. 2950.09. Defendant appeals, raising six assignments of error, which we will address in the order asserted and together where it is appropriate for discussion.
 {¶ 5} "I. The trial court committed reversible error and denied appellant due process of law by failing to advise appellant, prior to accepting his guilty plea, that post-release control would be a part of his sentence. Crim.R. 11(C)(2)(a) and (b); Fourteenth Amendment, Constitution of the United States; Article I, Section 16, Ohio Constitution.
 {¶ 6} "II. The trial court committed reversible error and denied appellant due process of law by failing to advise appellant, prior to accepting his guilty pleas, that his guilty pleas would expose him to the registration and notification requirements of Ohio Rev. Code §§ 2950.01
to 2950.08; Crim.R. 11(C)(2)(a) and (b); Fourteenth Amendment, Constitution of the United States; Article I, Section 16, Ohio Constitution."
 {¶ 7} In these two assignments of error, defendant challenges his conviction on the basis that his guilty plea was not knowingly, intelligently, and voluntarily made. Specifically, defendant claims that he did not fully understand the penalties involved since the trial court failed to personally advise him of post-release control and the mandatory registration requirements to be imposed pursuant to R.C. 2950. We agree with the defendant, in part.
 {¶ 8} Pursuant to Crim.R. 11(C)(2)(a), the court shall not accept a plea of guilty in a felony case without first addressing the defendant personally and informing him and determining whether he is making the plea voluntarily and with full understanding of the nature of the charge and of the maximum penalty involved. Specifically, a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. State v. Corbin (2001), 141 Ohio App.3d 381, 387.
 {¶ 9} With regard to the registration requirements, this Court has previously held that the registration and reporting requirements of R.C. 2950 do not need to be explained at a plea proceeding since they are remedial and not punitive in nature. State v. Hogan (Mar. 18, 1999), Cuyahoga App. No. 73228; State v. Jefferson (Feb. 18, 1999), Cuyahoga App. No. 72400. See, also, State v. Hiles (Dec. 24, 1998), Delaware App. No. 98CAA04023; State v. Hill (July 24, 1998), Montgomery App. No. 16791. Accordingly, the trial court's failure to advise defendant of the registration requirements, prior to accepting his plea, does not nullify his plea.
 {¶ 10} With regard to the post-release control, however, we must agree with the defendant since, unlike the registration requirements under R.C. 2950, post-release control does constitute a portion of the maximum penalty involved in an offense for which a prison term will be imposed. State v. Jones (May 24, 2001), Cuyahoga App. No. 77657. Accordingly, a trial court's failure to offer any explanation of post-release control sanctions is inadequate and does not constitute substantial compliance with the trial court's responsibility under Crim.R. 11(C)(2)(a) or R.C. 2943.032(E).[1] Id.
 {¶ 11} Here, the State concedes that defendant was not informed that he was subject to a mandatory period of five years of post-release control. As such, we find that defendant could not fully understand the consequences of his plea as required by Crim.R. 11(C) and his plea is invalid. See State v. Jones, supra; State v. Corbin, supra; State v.Tucci, Mahoning App. No. 01 CA 234, 2002-Ohio-6903. Accordingly, his conviction must be vacated and the case remanded for a new plea hearing.
 {¶ 12} Defendant's first assignment of error is sustained and his second assignment of error is overruled.
 {¶ 13} "III. Where the prosecutor breaches a plea agreement by failing to ask the court to take into consideration the cooperation and substantial assistance rendered by appellant in testifying against his co-defendants and, instead suggests imposition of maximum sentences and encourages the court to impose consecutive sentences, appellant's guilty plea should be vacated or, in the alternative, the case should be remanded for specific performance of the plea agreement and re-sentencing before a different judge."
 {¶ 14} "IV. The trial court committed reversible error by failing to engage in the analysis required by Ohio Rev. Code § 2929.11(B) and the decisions of the Court of Appeals of Cuyahoga County in State v.Lyons and State v. Johnson to ensure that the sentence imposed is consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 15} "V. Even if the trial court had engaged in the analysis required by Ohio Rev. Code § 2929.11(B) and the decisions of the Court of Appeals of Cuyahoga County in State v. Lyons and State v.Johnson, appellant's sentence must be reversed as contrary to law and against the manifest weight of the evidence because it is not consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 16} "VI. The trial court erred in finding that appellant was a sexual predator by clear and convincing evidence."
 {¶ 17} Since we are remanding for vacation of the plea, we decline to address these remaining assignments of error.
 {¶ 18} Defendant's conviction is reversed; sentence vacated and case remanded for further proceedings.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] R.C. 2943.032(E) requires a trial court, prior to accepting a guilty plea for which a term of imprisonment will be imposed, to inform a defendant regarding post-release control sanctions in a reasonably thorough manner. See Woods v. Telb (2000), 89 Ohio St.3d 504.