JOURNAL ENTRY and OPINION
{¶ 1} Defendant Theron Griffin appeals from his convictions following guilty pleas in three separate cases. He argues that he was denied a speedy trial, that the first indictment against him was obtained by presenting false and misleading evidence to the grand jury, that his guilty plea was not knowingly and voluntarily made, and that he received ineffective assistance of counsel.
 {¶ 2} The court did not correctly inform appellant, before he entered his guilty plea, of the period of post-release control he would be required to serve following his release from prison. For this reason, the plea was not knowingly entered and the court erred by accepting it. Accordingly, we must vacate appellant's convictions and the entries accepting his pleas and remand for further proceedings.
 Facts and Proceedings Below Case No. CR-410027. {¶ 3} On July 11, 2001, appellant was indicted on ten counts of gross sexual imposition with repeat violent offender specifications and notices of prior conviction, as well as one count of attempted rape and two counts of intimidation. A capias was issued for appellant's return from Lorain Correctional Institution. Appellant was arraigned October 5, 2001. His counsel filed motions for a bill of particulars and for discovery, to which the state promptly responded. Pretrials were conducted and continued at the defendant's request on November 1 and 20, 2001, January 8, 24, and 31, and March 6, 2002. Trial was scheduled for March 25, 2002 at the defendant's request and was continued to April 22 and then to May 15, 2002, also at the defendant's request. The trial date was later scheduled for January 16, 2003.
 {¶ 4} On March 26 and July 18, 2002, appellant filed pro se motions to dismiss for failure to provide him with a speedy trial. The court denied these motions, as well as appellant's motion for grand jury transcripts, in January 2003. Appellant's attempt to appeal this decision was dismissed by this court on March 4, 2003.
 {¶ 5} Following this court's decision, a new trial date of April 16, 2003 was set. On the trial date, appellant filed another motion to dismiss for failure to afford him a speedy trial. However, on that same date, appellant entered a plea of guilty to one count of gross sexual imposition, which was amended to delete the notice of prior conviction and repeat violent offender specification. Appellant was later adjudicated a sexually oriented offender, and was sentenced to a one-year term of imprisonment, to run concurrent[1] to the sentences imposed in Case Nos. CR-420954 and CR-412141.
 Case No. CR-412141. {¶ 6} Appellant was indicted on six counts of gross sexual imposition and two counts of intimidation in an indictment filed September 27, 2001. He was arraigned on October 5, 2001. As in Case No. 410027, pretrials were conducted and continued at the defendant's request on November 1, 2001, January 8, 24, and 31, and March 6, 2002. Trial was scheduled for April 22 at the defendant's request, and was rescheduled to May 15, 2002, July 22, September 17, and November 19, 2002, all at the defendant's request. The trial date was again rescheduled to January 16, 2003.
 {¶ 7} Appellant filed two motions to dismiss the indictment for failure to afford him a speedy trial, on March 26 and July 18, 2002. The court overruled these motions, as well as a motion for grand jury transcripts, in January 2003. Appellant's attempt to appeal this decision was dismissed by this court on March 4, 2003.
 {¶ 8} Following our dismissal of the appeal, the court scheduled a trial date of April 16, 2003. Appellant filed another motion to dismiss for failure to provide a speedy trial. However, on the trial date, appellant entered a plea of guilty to two counts of gross sexual imposition involving two separate victims. Eighteen days later, appellant filed a motion to withdraw this plea. There was no ruling on this motion on the record. The court adjudicated appellant a sexually oriented offender and sentenced him to consecutive terms of one year's imprisonment on each count. The court stated that the sentence in this case would be consecutive to the sentence in Case No. CR-410027 and concurrent to the sentence in Case No. CR-420954.
 Case No. CR-420954. {¶ 9} Appellant was charged in a twenty-three count indictment filed March 20, 2002, with sixteen counts of gross sexual imposition, one count of attempted rape with a notice of prior conviction and repeat violent offender specification, and six counts of intimidation. He entered a plea of not guilty at his arraignment on April 5, 2002. The court granted his request for appointment of new counsel on May 23, 2002; the trial date was continued to July 22, 2002. Appellant waived his right to a speedy trial from May 16, 2002 to August 15, 2002.
 {¶ 10} Despite this waiver, on July 18, 2002, appellant moved the court to dismiss the case for failure to provide him with a speedy trial. The July 22 trial date was continued to September 17 then to November 19, 2002, at appellant's request. The trial date was continued again to January 16, 2003.
 {¶ 11} The court denied appellant's motion to dismiss for failure to provide him with a speedy trial in January 2003. Appellant attempted to appeal this ruling, but his appeal was dismissed by this court on March 4, 2003. The trial court then set the case for trial on April 16, 2003. On the trial date, appellant filed another motion to dismiss for failure to provide him with a speedy trial. However, appellant entered a plea of guilty to one count of intimidation. On May 9, 2003, appellant moved to withdraw his plea. The court did not rule on this motion. The court subsequently sentenced appellant to one year's imprisonment, to run concurrent to the sentences imposed in Case Nos. CR-410027 and CR-412141.
 Law and Analysis Guilty Plea. {¶ 12} In his third assignment of error, appellant asserts that his guilty pleas were invalid. He complains that his lengthy pretrial confinement created a coercive atmosphere in which he felt he had no recourse except to plead guilty. He also asserts that the court did not inform him, at the time of his guilty plea, that he would be subject to five years' post-release control, and therefore did not comply with Crim.R. 11(C)(2)(a)'s requirement that the court inform the defendant of the maximum penalty involved and the mandate of R.C. 2943.03.2(E) that the court inform the defendant of the post-release control sanctions which may be imposed upon him.
 {¶ 13} ADVANCE\d4 "[P]ost-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C)." State v. Jones (May 24, 2001), Cuyahoga App. No. 77657; also see State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344, ¶ 10. In this case, the court failed to inform the appellant that he was subject to a five-year mandatory term of post-release control. The court reviewed the plea agreement with appellant, but the plea agreement incorrectly stated that appellant was subject to post-release control of up to three years as to each offense. Therefore, we conclude that the court's explanation of post-release control sanctions was inadequate and did not substantially comply with the court's responsibilities under Crim.R. 11(C)(2)(a) and R.C. 2943.03.2(E). Accordingly, we vacate appellant's guilty pleas and the sentences imposed upon him.
 {¶ 14} This determination renders moot appellant's remaining assignments of error except to the extent that they may require us to dismiss the charges rather than remand the matter for further proceedings. For this reason, we need not address appellant's claim of ineffective assistance of counsel. However, dismissal of the charges against appellant could result from his assertions that he was denied a speedy trial and that the indictment was invalid, so we will address these arguments.[2]
 Speedy Trial. {¶ 15} Pursuant to R.C. 2945.71, a person against whom a felony charge is pending must be brought to trial within two hundred seventy days after the person's arrest. For purposes of computing this time period, each day in which the accused is held in jail in lieu of bail is counted as three days. The time period in which the defendant must be brought to trial may be extended, e.g., during any continuance granted on the accused's motion, and any period of delay necessitated by a motion made by the accused. See R.C. 2945.72(E) and (H).
 {¶ 16} "[I]n the trial court, the burden to show that more than two hundred seventy days ha[s] elapsed since his arrest [is] on [the defendant], and that burden implicitly carries with it the obligation to establish the day upon which he was arrested for purposes of the speedy trial statute." State v. Bailey
(2000), 141 Ohio App.3d 144, 146.
 {¶ 17} With respect to Case No. CR-410027, appellant failed to meet this burden. In the common pleas court, appellant claimed, without supporting documentation, that he was arrested on June 19, 2001, was transferred to Lorain Correctional Institution for a parole violation hearing and was returned to Cuyahoga County Jail on August 8, 2001. He asserted that he was not tried within the two hundred seventy-day speedy trial limit as measured from August 8. However, the record does not support, and at times contradicts, these assertions. The record does not reflect an arrest of the appellant on June 19, 2001 or at any other time. The record shows that a capias was issued on July 25, 2001 for appellant's return from the Lorain Correctional Institution. This capias was returned August 10, but the arraignment conducted on August 10 had to be vacated because the wrong defendant was mistakenly returned. Therefore, the record does not support the conclusion that appellant was served with the charges on August 10, 2001.
 {¶ 18} A new capias was issued on August 27, 2001 for the return of appellant from the Lorain Correctional Institution. This capias was returned October 5, 2001, and the new arraignment was conducted on that date. We will measure the speedy trial time from the date the second capias was returned, October 5, 2001. See State v. Szorady, Lorain App. No. 02CA008159, 2003-Ohio-2716, ¶¶ 12-13.
 {¶ 19} Appellant's attorney filed motions for discovery and for a bill of particulars which tolled the speedy trial time from October 9 until the state responded on October 23, 2001, or fourteen days. A first pretrial was conducted November 1, 2001 and was continued to November 20 and then to December 12 at defendant's request, tolling the speedy trial time for an additional forty-one days. The next pretrial was conducted January 8, 2002, and was continued at the defendant's request to January 24, January 31, and finally March 6, 2002, thus tolling the statute an additional fifty-seven days. At the March 6 pretrial, the trial was scheduled for March 25, 2002 at appellant's request, but was continued to April 22, then to May 15, 2002, again at the defendant's request.
 {¶ 20} Appellant filed his first motion to dismiss for failure to provide a speedy trial on March 26. At that time, excluding all delays incurred at the appellant's request or based on motions filed by him, a total of fifty-nine days had elapsed on the speedy trial calendar. Even if the triple count provision applied here (a conclusion we do not reach), appellant had not been deprived of a speedy trial at the time this motion was filed.
 {¶ 21} The pendency of this motion to dismiss, as well as the numerous other motions[3] filed by defendant thereafter, tolled the speedy trial time until appellant entered his plea. See R.C. 2945.72(E); State v. Bickerstaff (1984),10 Ohio St.3d 62, 66-67; State v. Bunyan (1988), 51 Ohio App.3d 190, 193-94.
 {¶ 22} Appellant claims he did not request the delays which the court record attributes to him. However, even if appellant himself did not seek these delays, his attorney may have done so on his behalf. The court's journal entries are the only record of the pretrial proceedings. Absent any evidence to contradict the record, we must presume the accuracy of these entries. Therefore, we attribute these delays to appellant.
 {¶ 23} In Case No. CR-412141, the indictment was filed September 21, 2001. Although appellant was already in custody, it is not clear when he was served with this indictment. He was arraigned on October 5, 2001. Having no other indication of when appellant was notified of this proceeding, we will use that date as the date of appellant's arrest for purposes of calculating whether he was afforded a speedy trial.
 {¶ 24} The first pretrial scheduled for November 1, 2001 was continued to November 20, then to December 12, 2001 at the defendant's request, tolling the speedy trial clock for forty-one days. The next pretrial was set for January 8, 2002. This pretrial was continued to January 24, January 31, then March 6, 2002, all at the defendant's request, tolling the speedy trial time by fifty-seven days. Appellant filed his motion to dismiss for failure to provide him with a speedy trial on March 26, 2002. Excluding all delays incurred at the defendant's request, only seventy-four days had elapsed on the speedy trial calendar as of March 26, 2002. The pendency of this motion and the numerous other motions[4] filed by appellant, and delays of the trial at appellant's request, tolled the speedy trial time until appellant entered his guilty plea. Therefore, appellant was not denied a speedy trial in this case.
 {¶ 25} In Case No. CR-420954, the indictment was filed March 20, 2002, and a capias was issued for appellant on March 22, 2002. According to the court's docket, the capias was returned on March 26, 2002 with the notation that appellant was in custody, indicating that appellant was "arrested" on that date. Therefore, we will calculate speedy trial time from that date.
 {¶ 26} Appellant was arraigned on April 3, 2002, and a pretrial was conducted April 9, 2002. On May 16, 2002, appellant sought appointment of new counsel and waived his right to a speedy trial from May 16 to August 15, 2002. Trial was scheduled for July 22, 2002.
 {¶ 27} On July 18, 2002, appellant filed his motion to dismiss for failure to provide a speedy trial. Given appellant's waiver, only fifty-one days had passed on the speedy trial calendar at this time, so appellant had not been denied a speedy trial as of that date. The pendency of this motion and other motions filed thereafter tolled the speedy trial time until appellant entered his plea on April 16, 2003.
 {¶ 28} For these reasons, we find no error in the court's decision to deny appellant's motions to dismiss for failure to afford him with a speedy trial.
 Validity of Indictment {¶ 29} In his second assignment of error, appellant contends that the indictment in Case No. CR-410027 was invalid because the prosecutor supplied the grand jury with "misleading, erroneous and tainted information." Although his brief on this point is unclear, it appears that appellant claims the prosecutor presented the grand jury with information about his twin brother's prior convictions, creating the erroneous impression that they were appellant's, and that appellant and his brother were the same person. Apparently, appellant also claims that the offense listed in the repeat violent offender specification was committed by his brother, not by him, and that the prosecutors knew this when they presented this information to the grand jury.
 {¶ 30} Initially, we note that the authorities upon which appellant relies relate to the use of tainted evidence before a petit jury, not a grand jury. The grand jury's function is to charge, not to convict. Dismissal is not an appropriate remedy when the defendant contends misleading evidence was given to the grand jury. To the extent that appellant claims that specifications in the indictments were based on prior convictions entered against appellant's brother, not against appellant, appellant's remedy is to seek dismissal of those portions of the indictment, not the entire indictment.
 {¶ 31} In any event, there is no evidence in the record to support appellant's contentions. Appellant offers only his "reasonable assumption of evidence offered in [the] grand jury proceeding." This is speculation. Therefore, we overrule the second assignment of error.
 {¶ 32} Appellant's convictions and pleas are vacated and these cases are remanded.
 {¶ 33} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J. and Cooney, J. concur.
[1] At the sentencing hearing, the court indicated that the sentences in Case Nos. CR-410027 and CR-412141 would be consecutive. The judgment entry in Case No. CR-412141 likewise makes the sentences in that case run consecutive to the sentence imposed in Case No. CR-410027. Ordinarily, we would direct the trial court to correct the judgment in Case No. CR-410027 to make it consistent with the judgment in Case No. CR-412141. See App.R. 9(E); Crim.R. 36. However, our disposition of this appeal renders this correction of the record superfluous.
[2] We note that these arguments would have been waived by a properly entered guilty plea. Montpelier v. Greeno (1986),25 Ohio St.3d 170; State v. Salter, Cuyahoga App. No. 82488, 2003-Ohio-5652, ¶ 8, citing Stacy v. Van Coren (1969),18 Ohio St.2d 188.
[3] These include a request for notice of state's evidence, a request for a bill of particulars, a motion for exculpatory and mitigatory materials, and a demand for discovery filed May 28, 2002; a motion to determine the reliability of the complaining witness's testimony, motion for appointment of investigator, and motion for in camera inspection of Children and Family Services records filed June 3, 2002; a motion to compel a more specific bill of particulars and a motion for an independent psychological examination filed July 8, 2002; a motion to sever the trial of the three cases, filed July 9, 2002; a second motion to dismiss for failure to provide appellant with a speedy trial, filed July 18, 2002; a motion to submit a jury questionnaire filed August 6, 2002; motions to compel a court ruling on the motions to dismiss, filed December 4 and 12, 2002; a motion to suppress evidence filed April 1, 2003; and a third motion to dismiss for failure to provide appellant with a speedy trial, filed April 16, 2003. While the state did respond to appellant's requests for discovery, the record of this case does not disclose a court ruling on most of these motions.
[4] Specifically, appellant filed motions to examine exculpatory and mitigatory materials, a motion for discovery on May 21, 2002. Before the state responded to these requests, appellant executed a speedy trial waiver for the period from May 16 to August 15, 2002. The trial was set for July 22, 2002, within this waiver period. This trial date was continued at defense counsel's request to September 17, 2002, and then to November 19, 2002. The trial date was subsequently continued to January 16, 2003. Although the court ruled on appellant's motion to dismiss for failure to provide him with a speedy trial on January 21, 2003, other motions which had been filed in the interim remained pending until appellant entered his plea, including a motion to determine the reliability of the complaining witness's testimony, a motion for appointment of an investigator, and a motion for in camera inspection of Children and Family Services Records, filed June 3, 2002; a motion for a more specific bill of particulars filed July 8, 2002; a motion to sever filed July 9, 2002; and a motion to submit a jury questionnaire filed August 6, 2002.