JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Kawani Paris, appeals his conviction and sentence on one count of attempted aggravated arson. Upon review of the record and arguments of the parties, the decision of the trial court is reversed and remanded for the reasons set forth below.
 {¶ 2} Appellant was indicted on December 12, 2002 on one count of attempted aggravated arson as the result of an altercation that culminated in appellant pouring gasoline around the perimeter of an occupied building and stating that he intended to burn down the building. Appellant also admitted to ingesting some of the gasoline, and the evaluation completed by the court psychiatric clinic revealed a history of substance dependency. On February 10, 2003, appellant pleaded guilty to the indictment as charged and was sentenced to four years' incarceration on March 3, 2003.
 {¶ 3} Appellant now presents his timely appeal with three assignments of error. Assignment I, however, is dispositive of this case.
 {¶ 4} "I. Whether Mr. Paris' change of plea was [not] knowingly, intelligently and voluntarily made where the trial court failed to inform Mr. Paris of the potential of post-release control supervision."
 {¶ 5} Appellant first argues that his plea was not knowingly, intelligently and voluntarily made because the trial court failed to address him regarding post-release control. Pursuant to Crim.R. 11(C)(2)(a), the court shall not accept a plea of guilty in a felony case without first addressing the defendant personally and informing him and determining whether he is making the plea voluntarily and with full understanding of the nature of the charge and of the maximum penalty involved. Specifically, a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. State v. Corbin,141 Ohio App.3d 381, 387, 2001-Ohio-4140, 751 N.E.2d 505. R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post-release control sanctions in a reasonably thorough manner. See Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103. "Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C)." State v. Griffin,
Cuyahoga App. No. 83724 at 7, 2004-Ohio-4344, citing State v.Jones (May 24, 2001), Cuyahoga App. No. 77657; see, also, Statev. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344, ¶ 10.
 {¶ 6} Regarding post-release control, the trial court in the instant case made the following statement at sentencing:
 {¶ 7} "The court is going to sentence you to four years at LCI with credit for time served and recommend strongly, order that the Ohio Department of Rehabilitation and Corrections thoroughly review your sentence and recommend strongly that they impose post-release control, parole, which could include, if you do not comply with alcohol drug treatment and monitoring, which means if you keep drinking or doping, you go back and do two years."
 {¶ 8} The trial court made no statement regarding post-release control at the time of the plea. As discussed above, a trial court's failure to offer any explanation of post-release control sanctions at the time of the plea is inadequate and does not constitute substantial compliance with the trial court's responsibility under Crim.R. 11 or R.C. 2943.032. State v.Perry, supra.
 {¶ 9} Because of this failure, we find that the appellant was not able to fully understand the consequences of his plea; therefore, it was not knowingly, intelligently and voluntarily made. The plea must be vacated and the matter remanded to the trial court. Appellant's remaining assignments of error are hereby rendered moot.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Cooney, J., concur.