OPINION
{¶ 1} This is the case of "could" versus "would."
 {¶ 2} Frederic A. Perdue pled guilty to one count of possession of cocaine, in the amount of more than ten grams, but less than twenty-five grams, a violation of R.C. 2929.11(A), a felony of the second degree. He was sentenced to a mandatory term of imprisonment of two years, and now appeals from his guilty plea and subsequent sentence.
 {¶ 3} He raises two assignments of error, as follows:
 {¶ 4} "1. The trial court erred to appellant's prejudice when it denied appellant due process of law and failed to notify appellant that he would be subject to a mandatory and statutorily required post-release control term of three years.
 {¶ 5} "2. The trial court erred to appellant's prejudice when It found appellant's plea was knowingly and voluntarily made and failed to substantially comply with criminal rule of procedure 11(C)(2)."
 {¶ 6} The Ohio Revised Code clearly requires that a period of post-release control is mandatory for three years following release for an offender who is convicted of a felony in the second degree which is not a felony sex offense. R.C. 2967.28(B)(2). It is also stated law that an offender must be informed by the trial court at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Woods v. Telb (2000), 89 Ohio St.3d 504, 513. This law has been upheld by a number of district courts of appeals in Ohio, the latest being State v. Lamb (Feb. 6, 2004), Ottawa Co. App. No. 0T-03-002, wherein it was held that the trial court's failure to inform defendant that he was subject to a mandatory five-year post-release control period rendered involuntary defendant's plea. See, e.g., State v. Perry, Eighth Dist. No. 82085, 2003-Ohio-6344; State v. Jones (May 24, 2001), Eighth Dist. No. 77657, discretionary appeal not allowed; State v.Jones (2001), 93 Ohio St.3d 1434; State v. Prom, Twelfth Dist. No. CA2002-01-007, appeal denied.
 {¶ 7} The court in Lamb, supra, stated that "we agree with the reasoning of the Perry and Jones courts, as well as that of the Prom court, and therefore hold that in order to substantially comply with Crim. R. 11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea." Lamb, Par. 16. (Emphasis added).
 {¶ 8} We have reviewed the transcripts of both the plea hearing and the sentence hearing and find that defendant was never advised of the mandatory post-release control, but instead was informed that he "could" be subject to it. Plea, Tr. 6. At the sentence hearing, he was again advised by the court that he "could become subject to post-release control." Sentence hearing, Tr. 3. The plea form Perdue signed did say in fine print that the prison terms were mandatory and he was to serve a post-release control period of up to five years [erroneous, the term is three years] and these terms, including the prison term, were stated as "is/are mandatory," which in our view does not satisfy the law, inasmuch as it seems somewhat ambiguous and certainly by then was too late for his plea entered verbally to be voluntary.
 {¶ 9} We therefore find that his guilty plea was not knowing and voluntary. The assignments of error are sustained. His plea and sentence are hereby vacated, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
Brogan, J. and Grady, J., concur.