JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michael Oko, appeals from the trial court's acceptance of his guilty plea and the subsequent prison sentence imposed. Oko specifically argues that he was not properly informed by the trial court regarding the possibility of post-release control. After reviewing the arguments of the parties and for the reasons set forth below, we vacate appellant's plea and remand the matter for further proceedings.
 {¶ 2} On January 27, 2004, appellant was indicted in a five-count indictment, including: three counts of trafficking in drugs, in violation of R.C. 2925.03, felonies of the first degree; one count of possession of drugs, in violation of R.C. 2925.11, a felony of the first degree; and one count of possessing criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree.
 {¶ 3} On May 17, 2004, a jury trial commenced; however, on May 18, 2004, in the midst of the jury trial, appellant withdrew his previously entered plea of not guilty and entered a plea of guilty to one count of trafficking in drugs, in violation of R.C. 2925.03, a felony of the first degree. All remaining counts were nolled by the state.
 {¶ 4} After accepting appellant's plea, the trial court immediately proceeded to sentence him to three years in prison, suspended the mandatory fine, suspended his driver's license, and subjected him to five years of post-release control.
 {¶ 5} Appellant now presents a timely appeal with two assignments of error. Both assignments of error are predicated upon the same alleged inadequacy pertaining to appellant's plea/sentencing hearing; therefore, we review them together.
 {¶ 6} "I. The trial court violated Ohio Revised Code 2943.032 and committed reversible error when it accepted appellant's guilty plea without first informing him that he would be subject to post release control.
 {¶ 7} "II. The trial court violated criminal rule 11 and committed reversible error when it accepted appellant's guilty plea without informing him of the maximum penalty associated with his plea."
 {¶ 8} Appellant's argument is that the trial court did not meet its statutory and procedural requirements in the plea acceptance and subsequent sentencing. This argument is based upon the contention that the trial court failed to adequately inform the appellant regarding post-release control. Upon review of the record and the applicable law at bar, we find appellant's argument to have merit.
 {¶ 9} Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a plea of guilty in a felony case without first personally addressing the defendant and determining whether he is making the plea voluntarily and with full understanding of the nature of the charge and of the maximum penalty involved. Directly pertinent here is that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. State v. Corbin, 141 Ohio App.3d 381, 387, 2001-Ohio-4140,751 N.E.2d 505.
 {¶ 10} Furthermore, R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post-release control sanctions in a reasonably thorough manner. See Woods v. Telb, 89 Ohio St.3d 504,2000-Ohio-171, 733 N.E.2d 1103. "Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C)." State v.Griffin, Cuyahoga App. No. 83724 at 7, 2004-Ohio-4344, citing State v.Jones (2001), Cuyahoga App. No. 77657; see, also, State v. Perry,
Cuyahoga App. No. 82085, 2003-Ohio-6344, ¶ 10.
 {¶ 11} Here, the only mention whatsoever of post-release control on the part of the trial court occurred at the very end of the court's imposition of sentence and patently did not constitute a thorough explanation. In sentencing appellant, the trial court stated in pertinent part:
 {¶ 12} "As this is your first felony; you've never served a prison term, I'm going to impose the minimum three years. You've been given credit for any time served. You'll be at LCI.
 {¶ 13} "* * *
 {¶ 14} "Mandatory fine will be waived. Your driver's license will be suspended for three years. You need to turn that over to your lawyer.
 {¶ 15} "Upon your release you will be subject to five years post-release control."
 {¶ 16} No further explanation is given. Furthermore, the trial court made absolutely no statement regarding post-release control at the time of the plea. As this court has previously held, "a trial court's failure to offer any explanation of post-release control sanctions at the time of the plea is inadequate and does not constitute substantial compliance with the trial court's responsibility under Crim.R. 11 or R.C. 2943.032."State v. Paris, Cuyahoga App. No. 83519, 2004-Ohio-5965, ¶ 8; see, also, State v. Perry, supra.
 {¶ 17} We now find appellant was not adequately informed in regard to post-release control. Thus, he was not able to fully understand the consequences of his plea; therefore, it was not knowingly, intelligently and voluntarily made. Appellant's plea is accordingly vacated, and the matter is remanded for further proceedings consistent with this opinion.
 {¶ 18} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., Concur.