JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Aaminah Nicole Smith appeals from the sentence imposed after she entered a guilty plea to one count of aggravated vehicular homicide.
 {¶ 2} Appellant presents two assignments of error in which she asserts her five-year sentence was contrary to law because she had not previously served a prison term and because it was excessive under the circumstances of this case.
 {¶ 3} The record reflects appellant, age 25, went drinking on the night of October 28, 2003, and, although her license was under suspension, drove home. She struck and killed a female pedestrian. She initially left the scene, but soon returned and admitted her responsibility.
 {¶ 4} As a result of the incident, appellant was indicted on five counts. Counts one and two charged her with two versions of aggravated vehicular homicide; each contained a specification for driving under suspension. Counts three and four charged her with two versions of driving under the influence ("DUI"), and count five charged her with failure to stop after an accident, with a furthermore clause for causing the death of another.
 {¶ 5} Appellant received assigned counsel, who subsequently arranged a plea bargain. By its terms, in exchange for appellant's guilty plea to an amended count one, to delete the specification, the state would dismiss the remaining counts. Appellant acknowledged she was aware the offense called for mandatory incarceration of between two to eight years. The trial court accepted her plea and remanded her for a presentence report.
 {¶ 6} When the case was called for sentencing, appellant expressed a great deal of remorse for the incident. She also presented some relatives, who spoke highly of her work ethic and indicated that after obtaining her GED, appellant attended some college classes, and, by the time of the incident, was employed as an account representative for a large telephone company. Appellant achieved her education and employment while parenting her two young sons, ages two and six.[1]
 {¶ 7} The transcript demonstrates that the trial court, however, seemed much more impressed with the statements made by several family members of the victim. The court engaged each of them in conversation, and, further, expressed personal interest in and sympathy for each one's continued grief.
 {¶ 8} Thus, it is no surprise to note that although the court recognized appellant previously had not served a prison term, it approached sentencing with the "premise of giving [appellant] the maximum sentence that the law could allow."
 {¶ 9} The court went on to acknowledge that appellant was "basically law abiding," her previous criminal history was of misdemeanor offenses, that it was convinced appellant would never "do this again," and that appellant never intended the consequences that occurred. Nevertheless, "because of the death of this young woman, the minimum sentence * * * would demean the seriousness of the offense." It sentenced appellant to a term of five years.
 {¶ 10} Appellant subsequently applied for a delayed appeal and the appointment of counsel, which this court granted.
 {¶ 11} Appellant's assignments of error, set forth verbatim, state:
 {¶ 12} "I. The trial court erred when it sentenced the appellant to a five-year prison sentence when she has not been in prison before and the minimum sentence of two years, pursuant to ORC 2929.14(B), was not considered based on findings by the court that this appellant possessed the mitigating qualities as stated in ORC Section 2929.12.
 {¶ 13} "II. The trial court erred during sentencing when the sentence is not supported by the record and is contrary to law pursuant to R.C. 2953.08(G)."
 {¶ 14} Both of the assignments of error challenge appellant's sentence. Since appellant's sentence is unsupported by the record, they have merit.
 {¶ 15} It is clear from the "Felony Sentencing Findings Journal Entry" contained in the record that the trial court acknowledged the factors that indicated appellant's "recidivism [was] not likely" far outweighed the others. Furthermore, the "more serious" and "less serious" factors evenly balanced at one each.
 {¶ 16} It is equally clear that the trial court violated the statute by not first considering the minimum term and deviating from it for the proper reasons. State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110. Instead, the sheer number of victim impact statements made at the sentencing hearing engaged the court's sympathy and led the court to forget its duty. State v.Allen, Cuyahoga App. No. 82618, 2003-Ohio-6908.
 {¶ 17} Moreover, the trial court used the elements of the offense itself to enhance the penalty. State v. Schlecht,
Champaign App. No. 2003 CA 3, 2003-Ohio-5336. The fact that appellant caused the death of another by her actions thus became the only basis upon which to conclude appellant deserved more than the minimum term. State v. Williamitis, Montgomery App. No. 20508, 2004-Ohio-6234; cf., State v. Maracz, Cuyahoga App. No. 85131, 2005-Ohio-3419.
 {¶ 18} The trial court's sentence, therefore, was improper.
 {¶ 19} Additionally, although the issue is not raised as an assignment of error, this court is compelled to note the record demonstrates plain error occurred during appellant's plea hearing.
 {¶ 20} The transcript of the plea hearing demonstrates no one, not even the trial court, mentioned appellant was subject to post-release control for the offense. Without an adequate explanation pursuant to R.C. 2943.032 of the requirements of post-release control, a defendant has not been informed of the maximum penalty involved and consequently cannot fully understand the consequences of entering the plea. Crim.R. 11(C); State v.Paris, Cuyahoga App. No. 83519, 2004-Ohio-5965. Thus, the trial court should not have accepted appellant's plea.[2]
 {¶ 21} Under the circumstances presented in this case, appellant's assignments of error are sustained.
 {¶ 22} Appellant's sentence is reversed and vacated. This case is remanded for further proceedings consistent with this opinion.
This cause is reversed, vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. concurs.
 Cooney, J. Dissents (See Attached Dissenting Opinion)
[1] The presentence report supported the accuracy of these statements.
[2] This court cannot presume, however, that appellant at this juncture seeks to withdraw her plea.