JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the trial court's denial of his motion to withdraw his guilty pleas. He also appeals his sentences.
 {¶ 2} Defendant's convictions stem from an incident in which he physically harmed his four-month old son, who suffered serious injuries, including several broken bones. Defendant did not call the police. Instead, a family member took the child to the hospital for treatment. Defendant admitted to the incident but maintained it was an accident.
 {¶ 3} Defendant pled guilty to an amended indictment charging him with one count of felonious assault, R.C. 2903.11, a second degree felony, one count of child endangering, R.C. 2919.22, a third degree felony, and one count of domestic violence, R.C.2919.25, a fifth degree felony.
 {¶ 4} Defendant was sentenced following a referral for a pre-sentence report and a mental health evaluation. At sentencing, it was established that defendant was on probation when the offenses in this case were committed.
 {¶ 5} Defendant was sentenced to eight years on the felonious assault conviction, five years for child endangering, and twelve months on the domestic violence offense. Each sentence was ordered consecutive to the others. Thus defendant's total prison term is fourteen years with post-release control to apply thereafter.
 {¶ 6} Following sentencing, defendant filed this appeal in which he presents four assignments of error, the first of which states as follows:
"I. The trial court failed to substantially comply with the mandates of criminal Rule 11."
 {¶ 7} Under this assignment, defendant presents two arguments. First, he claims that his guilty pleas are infirm because the trial court did not advise him that he could be subject to consecutive terms of imprisonment.
 {¶ 8} The "failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." State v. Johnson (1988), 40 Ohio St.3d 130,532 N.E.2d 1295, at syllabus. Accordingly, this part of defendant's first assignment of error is overruled.
 {¶ 9} Defendant further claims that the trial court did not fully explain the meaning and ramifications of post-release control before he entered his guilty pleas.
 {¶ 10} R.C. 2943.032 provides that prior to the trial court accepting a defendant's guilty plea
"the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
(A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
(B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
(C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
(D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months."
 {¶ 11} R.C. 2943.032(E) requires that the court inform a defendant of the post-release control sanctions which may be imposed upon him.
 {¶ 12} In addition to this statutory requirement, Crim.R. 11(C)(2)(a) also requires a trial court at the time of the defendant's plea to advise a defendant of any mandatory post-release control period. State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344, at ¶ 11. Specifically, Crim.R. 11(C)(2)(a) requires the trial court to determine that defendant understands "the maximum penalty involved." This court has previously explained: "Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed." State v. Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344, at ¶ 13. Without a full explanation of the meaning and ramifications of post-release control, a defendant is unable to "fully understand the consequences of his plea as required by Crim.R. 11(C)." Perry, supra.
 {¶ 13} Because defendant pled guilty to a second degree felony, felonious assault, he is subject to R.C.2929.14(F),[1] which states that part of defendant's sentence must include a mandatory term of post-release control.
 {¶ 14} Furthermore, a felony of the second degree carries a specific term of post-release control. As noted in R.C.2929.14(F), defendant is also subject to R.C. 2967.28, which in part, provides as follows:
"(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include arequirement that the offender be subject to a period ofpost-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release controlrequired by this division for an offender shall be of one of thefollowing periods:
* * *
(2) For a felony of the second degree that is not a felony sexoffense, three years * * *. (Emphasis added.)"
In the case at bar, because defendant's crime was a second degree felony, his post-release control is a period of three years. To comply with Crim.R. 11, therefore, the trial court was required to advise defendant of the three years the statute mandates he serve in post-release control.
 {¶ 15} During defendant's plea hearing, the following relevant colloquy occurred between the court and defendant:
"THE COURT: Do you understand the offenses to which you are pleading guilty; one being a felony of the second-degree, it is possibly punishable from two to eight years in yearly increments. It carries with it a maximum discretionary fine of $15,000;post-release control is mandatory, and there is a presumption for prison. Do you understand that?
THE DEFENDANT: Yes, your Honor. (Emphasis added.)" Tr. 8-11.
 {¶ 16} At the prompting of the state, the court then repeated the implications of a guilty plea to the felonious assault charge. The court included another advisement about post-release control. Addressing the defendant, the court again told him that post-release control was mandatory and explained, "whatever sentence that you're given, at the release of that sentence, you must be placed on post-release control." Tr. 12.
 {¶ 17} From the record before this court, we find that the trial court did not inform defendant, prior to his guilty pleas, that he would be required to serve specifically three years post-release control following his release from prison. In other words, defendant was not told what his maximum sentence in this case might be. The state observes that at sentencing the trial court subsequently advised defendant about the specific period of his post-release control. Crim.R. 11(C), however, is explicit that the trial court must explain post-release control before a defendant's guilty plea is accepted. The trial court's truncated explanation of post-release control does not substantially comply with Crim.R. 11(C)(2)(a) and R.C. 2943.032(E).
 {¶ 18} For these reasons, defendant's pleas were not knowingly entered. Accordingly, defendant's first assignment of error is sustained. We, therefore, vacate defendant's guilty pleas and the sentences imposed upon him and remand this matter for further proceedings.
 {¶ 19} Because defendant's first assignment of error is dispositive of this appeal, we do not address defendant's remaining assignments of error.[2]
Judgment accordingly.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS. Calabrese, Jr., J.,dissents with separate dissenting opinion.
[1] (F) If a court imposes a prison term of a type described in division (B) of section 2967.28 of the Revised Code, [for a second degree felony, there is a mandatory three years for post-release control] it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division.
[2] II. The trial court erred by failing to merge all of the offenses for purposes of sentencing.
III. The trial court erred in sentencing [defendant] to a term of incarceration beyond the minimum and the aggravating facts were not found beyond a reasonable doubt by a jury.
IV. The trial court failed to make a finding that the defendant's sentence is consistent with similarly situated offenders.
 DISSENTING OPINION