{¶ 59} Although I concur with the majority's resolution of Assignments of Error II, III, and IV, I respectfully dissent from the majority opinion's resolution of Assignment of Error I. Defendant maintains that his guilty plea was not knowing and voluntary, inter alia, because the trial court did not advise him of post-release control prior to accepting it. Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. State v.Perry, Cuyahoga App. No. 82084, 2003-Ohio-6344, citing State v.Jones (May 24, 2001), Cuyahoga App. No. 77657.
 {¶ 60} Pursuant to Crim.R. 11, a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. R.C. 2943.032(E) requires a trial court, prior to accepting a guilty plea for which a term of imprisonment will be imposed, to inform a defendant regarding post-release control sanctions in a reasonably thorough manner. Id., citing Woods v.Telb (2000), 89 Ohio St.3d 504; see, also, State v. Corbin,141 Ohio App.3d 381, 387. "Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea [i.e., the maximum penalty] as required by Criminal Rule 11(C)." State v. Griffin,
Cuyahoga App. No. 83724, 2004-Ohio-4344. Accordingly, I would sustain Assignment of Error I.