JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Darryl Long appeals from the trial court's denial of his motion to withdraw his guilty plea and also asserts that the plea was void. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On September 14, 2005, defendant was indicted for rape, gross sexual imposition and kidnapping. Defendant pled not guilty but later entered into a plea agreement with the state whereby he would plead guilty to the rape charge and the remaining charges would be dismissed. On November 25, 2001, defendant pled guilty to this charge. These proceedings provide in pertinent part as follows:
 {¶ 3} "Ms. Skutnik [the assistant prosecuting attorney]: [Rape] is a felony of the first degree. It is punishable by a mandatory period of incarceration that ranges from three to ten years in one-year increments and a discretionary fine of $20,000." (Tr. 3-4.)
 {¶ 4} Prior to sentencing, defendant moved to withdraw the guilty plea and to disqualify his counsel. The trial court held a hearing on these motions on January 6, 2005 and subsequently denied both motions. In relevant part, the trial court concluded that there was no legal basis for removing defendant's trial counsel and that the defendant in essence, simply had a change of heart which is an insufficient reason for which to withdraw a guilty plea.
 {¶ 5} Defendant was later sentenced to five years of imprisonment, plus post-release control "for the maximum time allowed." Defendant now appeals and assigns two errors for our review.
 {¶ 6} Within his first assignment of error, defendant asserts that his guilty plea is void because the trial court did not advise him of the penalties associated with the plea and did not inform him that he would be subject to post-release control.
 {¶ 7} This court has previously explained:
 {¶ 8} "Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed."State v. Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344, at ?13. Without a full explanation of the meaning and ramifications of post-release control, a defendant is unable to "fully understand the consequences of his plea as required by Crim.R. 11(C)." State v.Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344, at_11.
 {¶ 9} In State v. Kerin, Cuyahoga App. No. 85153, 2005-Ohio-4117, this court further explained:
 {¶ 10} "From the record before this court, we find that the trial court did not inform defendant, prior to his guilty pleas, that he would be required to serve specifically three years post-release control following his release from prison. In other words, defendant was not told what his maximum sentence in this case might be. The state observes that at sentencing the trial court subsequently advised defendant about the specific period of his post-release control. Crim.R. 11(C), however, is explicit that the trial court must explain post-release control before a defendant's guilty plea is accepted. The trial court's truncated explanation of post-release control does not substantially comply with Crim.R. 11(C)(2)(a) and R.C. 2943.032(E)."
 {¶ 11} Accord State v. Paris, Cuyahoga App. No. 83519, 2004-Ohio-5965
("a trial court's failure to offer any explanation of post-release control sanctions at the time of the plea is inadequate and does not constitute substantial compliance with the trial court's responsibility under Crim.R. 11 or R.C. 2943.032."); State v. Smith, Cuyahoga App. No. 85245, 2005-Ohio-3836 ("Without an adequate explanation pursuant to R.C.2943.032 of the requirements of post-release control, a defendant has not been informed of the maximum penalty involved and consequently cannot fully understand the consequences of entering the plea. Crim.R. 11(C).) Thus, the trial court should not have accepted appellant's plea.
 {¶ 12} Applying the foregoing to this matter, we note that the record indicates that defendant was not informed that he would be subject to post-release control until he was sentenced. The trial court therefore erred in accepting defendant's guilty plea.
 {¶ 13} This portion of the assigned error is well-taken.
 {¶ 14} The matter is therefore reversed and remand. Defendant's remaining assignments of error which challenge the trial court's failure to advise him of the penalty of the offense and challenge the trial court's denial of his motion to vacate his guilty plea are moot. App.R. 12.
 {¶ 15} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27
of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY EILEEN KILBANE, J., CONCUR