[Cite as *State v. Bartee*, 2012-Ohio-3944.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97411**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MONIQUE BARTEE

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548993

**BEFORE:**   Blackmon, A.J., Boyle, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   August 30, 2012

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
Erin R. Flanagan, Ltd.
75 Public Square, Suite 920
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   John Kosko
Assistant Prosecuting Attorney
9th Floor Justice Center
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Monique Bartee appeals her plea and sentence and assigns the following errors for our review:

> **I. The trial court erred to the prejudice of appellant who did not knowingly, intelligently, and voluntarily enter into her guilty plea.**
>
> **II. The trial court's sentencing entry inadequately imposed upon and noticed appellant of the mandatory five-year term of post-release control that accompanied her incarceration for voluntary manslaughter.**

**{¶2}** Having reviewed the record and pertinent law, we affirm Bartee's conviction. The apposite facts follow.

**{¶3}** On April 14, 2011, the Cuyahoga County Grand Jury indicted Bartee for one count of murder, relating to the stabbing death of her boyfriend, and one count of child endangering. On April 18, 2011, Bartee pleaded not guilty at her arraignment, and several pretrials followed.

**{¶4}** On August 29, 2011, pursuant to a plea agreement with the state, Bartee pleaded guilty to voluntary manslaughter, the state nolled the child endangering charge, and the trial court ordered a presentence investigation report in anticipation of the sentencing hearing.

**{¶5}** On September 30, 2011, the trial court sentenced Bartee to serve six years at the Ohio Reformatory for Women.

## Postrelease Control and Plea

**{¶6}** In the first assigned error, Bartee argues that she did not knowingly, intelligently, or voluntarily plead guilty to voluntary manslaughter, because the trial court failed to properly advise her of the mandatory nature of postrelease control.

**{¶7}** Crim.R. 11(C)(2)(a) requires a trial court at the time of a defendant's plea to advise the defendant of any mandatory postrelease control period. *State v. Poole*, 8th Dist. No. 96921, 2012-Ohio-2622, citing *State v. Perry*, 8th Dist. No. 82085, 2003-Ohio-6344, ¶ 11. Specifically, Crim.R. 11(C)(2)(a) requires the trial court to determine that the defendant understands "the maximum penalty involved." *Id*.

**{¶8}** This court has previously explained:

**"[P]ost-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C)."** *State v. Griffin*, **8th Dist. No. 83724, 2004-Ohio-4344, ¶ 13, quoting** *State v. Jones*, **8th Dist. No. 77657, 2001 Ohio App. Lexis 2330 (May 24, 2001).**

**{¶9}** At the plea hearing, the following exchange took place between the trial court and Bartee:

> **The Court:** **If I were to send you to prison, upon your release you would be subject to five years of mandatory post-release control and that means that the State of Ohio will monitor you for five years. If you fail to follow the terms and conditions they give you, you can be sent back to the institution for up to half of your stated sentence as an additional penalty. Do you understand that?**

| The Defendant: | Yes. |
|---|---|

| The Court: | If you commit a new felony while on post-release control, the judge can sentence you in that case and also give you back-to-back or consecutive sentence of one year or whatever time remains on your PRC, whichever is greater, as a maximum. Do you understand that? |
|---|---|

| The Defendant: | Yes. |
|---|---|

| The Court: | So just as an example, if you get out on PRC and you pick up a dinky little felony, felony 5, and that judge gives you a year, you can get close to five additional years on that one year if you pick up a new case. Do you understand that? |
|---|---|

| The Defendant: | Yes. |
|---|---|

| The Court: | Okay. And if while on post-release control you commit a new — or excuse me, strike that. You fail to report to your parole officer, you can be charged with a new felony called escape. Do you understand that? |
|---|---|

| The Defendant: | Yes. Tr. 22-24. |
|---|---|

{¶10} The above excerpt reflects that the trial court strictly complied the requirements of Crim.R. 11(C)(2)(a). In pertinent part, the trial court specifically informed Bartee that she would be subject to five years of mandatory postrelease control, informed her of the consequences of violating the terms of postrelease control, and even gave examples what could cause a violation and the effects thereof. Step by step, the trial court inquired if Bartee understood and, in each instance, Bartee indicated she did.

Consequently, we find no merit in Bartee's assertions that her plea was not knowingly, intelligently, or voluntarily entered.

{¶11} Nonetheless, and despite the textbook explanation of postrelease control excerpted above, Bartee now argues that the trial court gave the impression that postrelease control was discretionary. In support of this assertion, Bartee cites to the following:

| | |
|---|---|
| **The Court:** | **Okay. There is also the possibility of post-release control or of community control on this case. I can do that for up to five years. I can place my own terms and conditions on you. I can give you a stated prison sentence. If you fail to follow the terms and conditions that I give you, I can impose that sentence upon you. Do you understand that?** |
| **The Defendant:** | **Yes.** |
| **The Court:** | **Do you have any questions so far?** |
| **The Defendant:** | **No.** Tr. 24. |

{¶12} We conclude, after reviewing the above excerpt in conjunction with the trial court's exhaustive explanation of postrelease control discussed earlier, the trial court meant to say: "There is also the possibility of community control on this case," instead of "the possibility of postrelease control." The discussion in the above excerpt involved the possibility of community control sanctions and not postrelease control as Bartee now asserts. Further, Bartee affirmatively indicated that she understood and, when asked, she indicated that she had no questions.

**{¶13}** Assuming arguendo that Bartee was somehow confused by the trial court's misstatement, we review for substantial compliance. In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Ohio Supreme Court explained substantial compliance as follows:

> **[F]ailure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is "whether the plea would have otherwise been made." Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether she subjectively understood [the effect of her plea].** *Id.* at ¶ 20.

**{¶14}** Upon review, we find that the trial court substantially complied with the requirement that Bartee be advised of postrelease control sanctions. Specifically, we find that, under the totality of the circumstances, Bartee subjectively understood the effect of her plea. Moreover, Bartee has failed to demonstrate prejudice, i.e., that had she been "properly" advised about postrelease control at her plea hearing, she would not have entered the plea.

**{¶15}** Here, Bartee was initially charged with murder and was facing 15 years to life in prison, when the state amended the charge to voluntary manslaughter. With the amended charge, Bartee now faced a prison term between three and ten years. Thus, it is highly unlikely that Bartee would not have entered the guilty plea. As such, Bartee has failed to demonstrate that she was prejudiced by the trial court's alleged misinformation at her plea about postrelease control. Accordingly, we overrule the first assigned error.

### Postrelease Control and Sentencing

{¶16} In the second assigned error, Bartee argues the trial court inadequately imposed postrelease control at sentencing.

{¶17} At the sentencing hearing, the trial court notified Bartee that she will be subject to five years of mandatory postrelease control and that the Ohio Adult Parole Authority could send her back to prison for up to half of her stated sentence if she violated the terms and conditions of postrelease control. Bartee now argues that the journal entry states that "* * * If postrelease control is imposed * * *." Bartee claims the "if" in the above statement makes the trial court advisement inadequate. (Emphasis added.)

{¶18} In the instant case, Bartee was notified of the proper term of postrelease control, thus we consider the trial court's usage of "if" in the journal entry to be form over substance as characterized by the state. When the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing. *State v. Harris*, 4th Dist. No. 11CA15, 2012-Ohio-2185, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111; 967 N.E.2d 718. Accordingly, we overrule the second assigned error.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
LARRY A. JONES, SR., J., CONCUR