JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Charles Trapp ("defendant") appeals from his convictions for six counts of drug trafficking and three counts of possession of drugs. Defendant challenges his convictions as being against the weight and sufficiency of the evidence and contends the trial court erred in not giving certain requested instructions to the jury. For the reasons that follow, we affirm.
 {¶ 2} In this case, a confidential source ("CS") working for law enforcement officers, contacted defendant for the purpose of making controlled purchases of crack and powder cocaine. In April 2002, CS called defendant from the DEA's office in the presence of agent Clayton. The conversation was recorded and CS identified the voices on the tape as himself and defendant. In total, CS testified he had three conversations with defendant related to this particular transaction. On April 10, 2002, Clayton searched CS, placed a recording device on him, and gave him money to purchase the crack cocaine. CS went to Mike's Liquor Store in Cleveland, where agents were conducting surveillance of the transaction. An SUV arrived at the liquor store. Agent Nelson and CS identified defendant as the driver of that vehicle. The passenger in the SUV, identified as "Herman," made the exchange with CS and then left in the SUV. CS met with agent Clayton at a prearranged location and turned over the drugs. CS then called defendant to complain about dealing with a middle man. North Central Lab in Chicago, Illinois processed the substance, which was identified as 125.2 grams of cocaine.
 {¶ 3} In July 2002, CS contacted defendant from the DEA's office to arrange another purchase. The conversations were again recorded in the presence of agent Clayton. CS identified the voices on the July 24, 2002 tape as himself, defendant, and Herman. CS explained that either defendant or Herman would return the call when he paged defendant. Defendant and CS discussed pricing and location for the transaction to purchase an eighth of an ounce of crack cocaine. Clayton searched and wired defendant and gave him money for the purchase. Herman arrived and completed the transaction. CS received 57 grams of crack cocaine.
 {¶ 4} In September of 2002, Clayton instructed CS to contact defendant and order 250 grams of cocaine, which was twice the amount he previously purchased. Again the conversations were recorded and CS was searched and wired. Both CS and Clayton recognized the voice negotiating with CS as defendant's. Defendant and Herman arrived at the liquor store in the SUV. As defendant exited the vehicle, CS confronted him to complain about the weight of the previous sale. Defendant stated that he weighed it himself and that he was never short. Defendant then "wave[d] off" CS and the transaction was completed with Herman. Clayton retrieved the controlled substance from CS, which the lab identified as 59.4 grams of cocaine.
 {¶ 5} Defendant requested two jury instructions relative to CS' testimony: (1) witness using or addicted to drugs and (2) government informers. The court denied defendant's request relying on State v.Group, 98 Ohio St.3d 248, 2002-Ohio-7247. The jury subsequently found defendant guilty on all counts and defendant was sentenced accordingly. Defendant assigns three errors for our review, which we will address in the order asserted and together where it is appropriate for discussion.
 {¶ 6} "I. The appellant was denied due process when the trial court failed to specifically instruct the jury on the credibility of a paid addict-informant."
 {¶ 7} "[I]t is not mandatory upon a trial court to give requested instructions to the jury verbatim, but if the requested instructions contain a correct, pertinent statement of the law and are appropriate to the facts they must be included, at least in substance, in the court's charge to the jury. [citation omitted]" State v. Nelson (1973),36 Ohio St.2d 79, paragraph one of the syllabus, overruled on other grounds in State v. Fanning (1982), 1 Ohio St.3d 19, syllabus.
 {¶ 8} In this case, defendant requested special jury instructions concerning the credibility of CS' testimony. The first special instruction pertained to the testimony of witnesses using or addicted to drugs. The second special instruction pertained to the testimony of government informers. Both special instructions provided that the witness' testimony be subject to greater scrutiny than the testimony of other witnesses for reasons including the alleged addicts' inability to accurately perceive or relate events and the informer's incentive to falsify testimony in exchange for benefits.
 {¶ 9} Although the judge declined to give the special instructions, he did charge the jury in detail on witness credibility, including how to evaluate the credibility of a witness. The jury was instructed to evaluate the witness' physical senses, their capability of making accurate observations, and to evaluate the witness' opportunity to observe the particular events about which they testified and the likelihood of their observations. They were also charged to take into account the lighting conditions, distances and sound, whether the person was paying attention, and the witness' memory, including the period of time that had elapsed since the particular events occurred. The judge further instructed them to consider the appearance of the witness on the stand, their ability to articulate their observations, their tone of voice and mannerisms, whether the witness was forthright or reluctant or evasive, whether the witness was exaggerating, the reasonableness of the testimony, and the consistency of the testimony. Finally, the court instructed them to consider the question of bias and motive and whether the person had any particular interest in the outcome of the case.
 {¶ 10} In State v. Scott (1986), 26 Ohio St.3d 92, the Ohio Supreme Court addressed the issue of special jury instructions concerning the credibility of addict informers. In Scott, the Court reiterated its precedent that Ohio trial judges are "forbidden `* * * [t]o single out one witness, or a number of witnesses, for either the prosecution or the defense, and to discuss their credibility * * *.' Curtis v. State
(1925), 113 Ohio St. 187, 209-210. Such a practice is considered as placing undue influence upon the jury." Scott, 26 Ohio St.3d at 100-101. Subsequently, the Ohio Supreme Court followed this precedent in refusing to require special jury instructions concerning the credibility of police witnesses. State v. Group, 98 Ohio St.3d 248, 265-266, 2002-Ohio-7247.
 {¶ 11} Where the trial court adequately covers witness credibility in its general charge to the jury, there is no need for special comment or instruction. Id. "[A] trial judge may not single out a particular witness or group of witnesses to discuss their credibility, since such discussion exerts an undue influence on the jury." Id. at 266.
 {¶ 12} As set forth above, the trial court comprehensively addressed the issue of witness credibility in the general charge. The jury was instructed to consider the witnesses ability to perceive the events about which they testified as well as to consider each witness' bias or motive in testifying, including whether they had an interest in the outcome of the case. The trial court did not err by denying defendant's request to include the special jury instructions.
 {¶ 13} Assignment of Error I is overruled.
 {¶ 14} "II. The jury verdicts returned against appellant for various drug-related offenses were not supported by evidence sufficient to justify findings of guilt beyond a reasonable doubt.
 {¶ 15} "III. The guilty verdicts herein were against the manifest weight of the evidence and contrary to law."
 {¶ 16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 17} Defendant first argues that the evidence is insufficient based on his belief that CS lacked credibility and that he fabricated his testimony. The relevant analysis, however, under a sufficiency claim requires us to view the evidence in a light most favorable to the State. Next, defendant contends there is insufficient evidence that defendant prepared any drugs for shipment. However, the record contains testimony that defendant did everything himself, meaning he "cooked it up, weighed it up and distributed [the drugs]." The evidence established that defendant negotiated and facilitated the drug transactions with CS. There was sufficient evidence to support his convictions.
 {¶ 18} A reviewing court may find a verdict to be against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. Having reviewed the entire record, we do not believe that the jury clearly lost its way in rendering its judgment.
 {¶ 19} Assignments of Error II and III are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Kilbane, J., Concur.