{¶ 1} Appellant Michael Oko appeals his convictions for drug trafficking, possession of drugs, and possession of criminal tools . He assigns nine errors for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we affirm Oko's convictions. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Oko for three counts of drug trafficking, one count of possession of drugs, and one count of possession of criminal tools. Oko originally entered a plea of guilty to one count of drug trafficking and was sentenced to three years in prison. However, he appealed based on the trial court's failure to advise him of post-release control. We subsequently vacated his plea and remanded the matter.[2] Although the State offered to again allow Oko to enter a plea, Oko refused and proceeded to trial.
 Jury Trial {¶ 4} On November 18, 2003, the Cleveland Narcotics Unit set up a controlled buy of heroin using an informant. The informant had been arrested a week prior to the controlled buy for trafficking in heroin. The officers hoped that the informant would lead them to the arrest of his supplier, who the informant knew as "Mike." By tracing the cellular phone number provided by the informant, the officers determined that "Mike" was the defendant, Michael Oko.
 {¶ 5} On the morning of the controlled buy, the informant called Oko on his cell phone and arranged to meet him at an address on East 112th and Woodland at 3:00 p.m. Prior to the buy, the informant was searched, a wire to record the transaction was placed on him, and he was given $6,800 in buy money. He was instructed by the officers to purchase two ounces of heroin and to attempt to arrange a future purchase of a kilo of heroin.
 {¶ 6} Oko arrived at the agreed upon time in the metallic purple Acura described by the informant. The informant got into the vehicle and negotiated the purchase of heroin. The audio tape of the transaction was played at trial. On the tape, the informant and Oko are heard negotiating the price of the two ounces, negotiating the price of the future purchase of a kilo of heroin, and discussing the informant's drug debt of $100 owed to Oko. The officers then can be heard ordering Oko and the informant to put their hands up.
 {¶ 7} Oko had to be pulled from the car as he refused to exit the vehicle. Although no drugs were found on Oko's person, two ounces of heroin were found on the driver's side floor.
 {¶ 8} Oko testified he is of Nigerian descent and has been a United States citizen since 1989. During that time, he held various jobs, including Municipal Court deputy, free lance writer, and employee at the Marriott. He also attended the University of Phoenix in hopes of obtaining an MBA, and accrued $60,000 in school loans.
 {¶ 9} In spite of the tape implicating him, Oko testified he did not sell the informant drugs and claimed the tape was edited by officers to depict him as a drug trafficker. Oko denied that a man by the name of Christopher Ugochuko was the supplier of the heroin.
 {¶ 10} On rebuttal, the officers denied splicing the tape. The officers also testified that they found papers in Oko's car relating to a Christopher Ugochuko. After his arrest, Oko had told them that this person was his supplier. The DEA and customs officials informed the officers that they had an open case against Ugochuko for trafficking in heroin.
 {¶ 11} The jury found Oko guilty of all five counts. The trial court sentenced him to a total term of eight years in prison.
 Vindictive Sentence {¶ 12} In his first assigned error, Oko argues that the trial court's imposition of an eight-year sentence as opposed to the three-year term he received when he originally entered a plea, was vindictive. We disagree.
 {¶ 13} "Neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction."[3] However, "due process of law requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial."[4] Hence, whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.[5] The factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.[6]
 {¶ 14} In the instant case, the trial court, in compliance with thePearce decision, placed its reasons on the record for imposing a longer sentence upon Oko. The court stated:
 "I am not going to give you the 3-year sentence that you got a year or so ago. Mr. McGraw said: What's changed? Well, number one, you pled guilty the first time, and so that showed that you took some responsibility, that you had some remorse for your activities. Clearly you don't have any remorse. You apologized for taking up my time, but you haven't apologized for selling drugs in the Greater Cleveland area. And so that's changed.
 "Number two, I consider your testimony to be absolute perjury, which is, in and of itself, a crime. To insinuate — to state that one of these police officers spliced that tape is just nonsensical and to suggest that you were only saying what this person wanted you to say was not borne out by the tape and certainly not by their surveillance of you on that day. You wanted the jury to believe that the informant was lying when in fact you were the one who was lying. * * *
 "Finally, and probably most significantly as to why you are not entitled to what you got a year or so ago, is that you pled to one count. You now have been convicted of five counts. So, to give you three years would certainly be inappropriate, given all of the things that I've just stated."[7]
 {¶ 15} Therefore, the trial court set forth on the record its objective reasons for sentencing Oko to a lengthier sentence. Based on the reasons given by the court, we cannot conclude the trial court was vindictive by sentencing Oko to eight years as opposed to three. Accordingly, Oko's first assigned error is overruled.
 Lack of R.C. 2929.11(B) Findings {¶ 16} In his second assigned error, Oko argues the trial court erred by failing to make findings pursuant to R.C. 2929.11 regarding whether the sentence was proportional in comparison to other offenders' sentences for committing similar crimes. Oko concludes the trial court's failing to do so resulted in it resentencing him to a term that was inconsistent with his first sentence. We disagree.
 {¶ 17} R.C. 2929.11(B) states:
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 18} This court has previously recognized that R.C. 2929.11 does not require a trial court to make findings on the record, but rather, it sets forth objectives for sentencing courts to achieve.[8] Therefore, the trial court did not err by failing to set forth its findings pursuant to R.C. 2929.11.
 {¶ 19} We do not conclude the trial court's sentencing Oko to more than three years was inconsistent with the three years Oko had initially received, because the sentence was supported by the fact Oko was convicted of five counts versus the one count he plead to, and he also committed perjury on the stand. Accordingly, Oko's second assigned error is overruled.
 Prosecutorial Misconduct {¶ 20} In his third assigned error, Oko argues the prosecutor engaged in misconduct by knowingly eliciting false testimony from the informant, arguing facts outside the record, and attempting to mislead the jury by expressing opinions that were not based on evidence in the record.
 {¶ 21} A prosecuting attorney's conduct during trial does not constitute grounds for error unless the conduct deprives the defendant of a fair trial.[9] The touchstone of a due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.[10] The effect of the prosecutor's misconduct must be considered in light of the whole trial.[11]
 {¶ 22} Oko contends the prosecutor deliberately misled the jury by creating an impression that the informant did not have to testify, when, in fact, he did have to testify because he was subject to subpoena. Following is the dialogue Oko objects to:
 "Q. * * * Was it part of the plea agreement that you would testify in Mr. Oko's trial?
 "A. No.
 "Q. Right. And is there any — is there going to be any reduction in your sentence for you testifying today?"
 "A. No.
 "Q. You're doing a mandatory two years, aren't you, sir?
 "A. Yes.
 "Q. So you don't have to testify today, do you?
 "A. No."[12]
 {¶ 23} When previewed in context, the dialogue was directed towards whether the informant was to receive a reduction in his sentence for testifying. Therefore, the prosecutor was not intentionally trying to misled the jury into believing the informant was testifying voluntarily.
 {¶ 24} Oko contends the facts are similar to those in the United States Supreme Court decision Napue v. Illinois[13] We disagree. InNapue, the witness testified that his sentence was not going to be reduced dependent on his testimony, when in fact that was the agreement. The prosecutor never corrected the witness' statement. In the instant case, there was no agreement to reduce the informant's sentence based on his testimony. The reduction was based on the informant's agreement to assist with the controlled buy, of which the jury was apprised.
 {¶ 25} Oko also contends the prosecutor, during closing argument, argued facts outside the record, engaged in assaulting the character of Oko, and misled the jury by expressing her opinion. Defense counsel did not object to any of the comments. Therefore, absent plain error, Oko has waived the alleged misconduct during closing argument.[14] We conclude plain error did not occur.
 {¶ 26} In reviewing the comments during closing argument, we are mindful that "the prosecution is normally entitled to a certain degree of latitude in its closing remarks."[15] Oko contends the prosecutor improperly stated her personal opinion by commenting that although defense counsel stated the informant was facing "decades of time," in reality, "he was not looking at decades of time" because plea bargains are entered into all the time. Even if this comment was improper, we do not find it was prejudicial. Common sense dictates that the informant obviously received a more lenient sentence by having sixteen of the eighteen counts dismissed, most of which were second degree felonies.
 {¶ 27} Oko contends the prosecutor also engaged in misconduct by referring to Oko's immigration status, his $60,000 student loan debt, and asserting that Oko was "zooming us" by trying to lead everyone to think he was an immigration success when in fact he was selling "poison" to our community. The fact that Oko was an immigrant and owed $60,000 in student loans was evidence in the record. Therefore, the prosecutor's comments regarding these issues were not inappropriate. The comments that Oko was "zooming us" and selling "poison" to the community were comments directed towards the fact the evidence did not support Oko's contention he was an upstanding citizen. Moreover, even if the comments were improper, because of the overwhelming evidence of Oko's guilt, the comments were not prejudicial.
 {¶ 28} Oko also contends the prosecutor engaged in misconduct during sentencing by arguing that Oko possessed a kilo of heroin, which he smuggled in from Nigeria. Oko contends these statements were not supported by the evidence.
 {¶ 29} The specific statement at issue is as follows: "This was a significant amount of heroin whacked right off a kilo that came in from whatever country it came in from. I"m going to take a guess in this case; I'm gong to say it was Nigeria." Therefore, the prosecutor did not state that Oko possessed the heroin, but the amount he had on him was "whacked right off a kilo." This was supported by Detective's Clark testimony regarding the condition of the heroin found in Oko's car. The ounces were in pure form, that is not cut or mixed with other substances, and in hunks. Detective Clark stated that in his experience, this indicates the ounces were cut from a kilo of heroin. Therefore, the prosecutor was commenting on evidence in the record. Although the country of origin was never determined, the prosecutor stated she was only "guessing" it came from Nigeria. Given this comment was made during sentencing, and the trial court was well aware of the evidence at trial, we do not find this statement was prejudicial. Accordingly, we overruled Oko's third assigned error.
 Cross-examination of Informant {¶ 30} In his fourth assigned error, Oko argues the trial court erred by not permitting defense counsel to cross-examine the informant about the specifics of the counts that were dismissed from the informant's indictment. We disagree.
 {¶ 31} The trial court permitted defense counsel to cross-examine the informant about the fact that sixteen of the eighteen counts against him were dismissed in exchange for his arranging the controlled buy, and that most of the counts were second-degree felonies for drug trafficking. There was no need for the jurors to hear the specifics of each count as the informant was never convicted of the dismissed charges. Evid.R. 609 permits evidence of criminal convictions to attack the credibility of a witness, not charges that were dismissed. Accordingly, we conclude the trial court did not err in limiting defense counsel's cross-examination regarding those charges.
 {¶ 32} Oko also contends the trial court improperly limited defense counsel's cross-examination of the informant's whereabouts during the days leading up to the controlled buy. Oko contends if the cross-examination was not limited, he would have been able to show the informant obtained the drugs from the house prior to the purchase.
 {¶ 33} Our review of the transcript indicates, however, the trial court permitted defense counsel to ask the informant what he did once he was released from jail, whether the informant was familiar with the home where he arranged to meet the informant, the number of times he had been inside the house, and whether he had been inside the house between the date of his arrest and the date of the incident. Counsel was also permitted to ask the informant whether he had ever lived in the house, slept in the house, or had keys. Therefore, counsel was permitted to question the informant regarding his ties to the people living in the home without having to get into the specifics regarding what the informant did leading up to the controlled buy. Moreover, Detective Dlugoniski testified to thoroughly searching Oko, and that he was closely watched prior to entering the vehicle by not only Detective Dlugoniski, but other undercover detectives. Accordingly, Oko's fourth assigned error is overruled.
 Jury Instruction {¶ 34} In his fifth assigned error, Oko contends the trial court erred by failing to instruct the jury regarding the credibility of an informant. We disagree.
 {¶ 35} Defense counsel did not request the limiting instruction or object to the trial court's failure to give the instruction. Thus, Oko has waived all but plain error.[16] We conclude plain error did not occur.
 {¶ 36} Oko cites to the Fifth Circuit's decision in United States v.Garcia,[17] in support of his argument that a special instruction was warranted. Although the court in United States v. Garcia found plain error in the court's failure to give a special cautionary instruction to the jury as to the credibility of the informant, this decision was clearly based on the fact that there was no corroborating evidence to support the informant's testimony.[18] The court held, "a defendant is entitled to a special cautionary instruction on the credibility of an accomplice or a government informer if he requests it and the testimony implicating the accused is elicited solely from the informer or accomplice.[19]
 {¶ 37} In the instant case, the informant's testimony was corroborated by the audio tape of the transaction, the detectives' observations before the transaction, and the search after the arrest. Therefore, a general instruction on credibility was appropriate.[20] Accordingly, Oko's fifth assigned error is overruled.
 Admission of Photograph {¶ 38} In his sixth assigned error, Oko argues the trial court improperly allowed the State to introduce into evidence a photograph taken of him at the time of arrest. The photograph depicted Oko in a dark-colored suit, a pink shirt, and a tie. Oko contends that the photograph of him in this attire stereotyped him as a drug dealer.
 {¶ 39} We agree with Oko that the photograph served absolutely no purpose in being admitted. Although the State contends the photograph was admitted to show that Oko was not "manhandled" by the police as he contended, the photograph was introduced prior to Oko even testifying.
 {¶ 40} Nonetheless, the admission of the photograph did not constitute prejudicial error. The evidence against Oko was overwhelming given the testimony of the detectives and the informant in conjunction with the audiotape, which clearly recorded Oko conducting the drug transaction. Accordingly, Oko's sixth assigned error is overruled.
 Ineffective Assistance of Counsel {¶ 41} In his seventh assigned error, Oko contends he was denied effective assistance of counsel because counsel failed to object to the informant's statement that he did not have to testify and the prosecutor's improper statements in closing argument, and failure to request an instruction on the informant's credibility.
 {¶ 42} We review a claim of ineffective assistance of counsel under the two-part test set forth inStrickland v. Washington[21] Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[22] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[23] Judicial scrutiny of a lawyer's performance must be highly deferential.[24]
 {¶ 43} We addressed these issues already and have determined counsel's failure to request the instruction and failure to object to the alleged prosecutorial misconduct did not result in prejudicial error. Therefore, Oko has not shown but for his attorney's error, the result of the proceedings would have been different. Accordingly, Oko's seventh assigned error is overruled.
 Manifest Weight of the Evidence {¶ 44} In his eighth assigned error, Oko contends his convictions are against the manifest weight of the evidence.
 {¶ 45} When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As the Ohio Supreme Court held in State v. Thompkins:[25]
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Blacks, supra, at 1594. "
 * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 46} Oko contends the informant was not credible. He argues the informant had to deliver someone to the police in order to work out a deal for himself. However, the jury was apprised that the informant was facing eighteen counts relating to his drug trafficking, and that sixteen of those counts were dismissed because of his agreeing to participate in the controlled buy.
 {¶ 47} Oko also contends that the informant could have planted the drugs in the car. Detective Dlugolinski testified that he searched the informant. The search occurred in the detective's car so as not to attract attention; however, the detective detailed how he was able to throughly search the informant. Oko contends the informant could have placed the drugs in his boots. However, the detective testified to reaching into the boots to assure they did not contain drugs. Although the boots were not removed, the officer testified that each ounce was bigger than a golf ball; therefore, it would be obvious if he was walking with the ounces hidden under his foot.
 {¶ 48} The informant was allowed to walk to the meeting place on his own. However, Detective Dlugolinski testified he followed behind him to assure he did not stop anywhere along the way. Other undercover officers were also closely watching him. Therefore, there was no opportunity for the informant to retrieve drugs after being searched. Although Oko was not found with drugs on his person, the two ounces were found on the driver's side floor where Oko had been seated.
 {¶ 49} Oko also argues the tape was suspicious because it was incomplete. However, our listening to the recording indicates that the tape commenced as the informant was waiting for Oko to appear. The informant can be heard opening the door, and at that time, the music from Oko's car radio is heard. There is no abrupt stopping of the tape during the conversation between the two regarding the drug transaction. The tape concludes once the officers are heard ordering the occupants to place their hands in the air. At this point, there was no reason to continue the tape, as most probably, nothing incriminating would be said in the presence of the officers. Accordingly, Oko's eighth assigned error is overruled.
 Forfeiture of Property {¶ 50} In his ninth assigned error, Oko contends the trial court improperly ordered the forfeiture of his property without complying with the mandatory publication requirement of R.C. 2933.43(C) requiring publication notice of the impending forfeiture.
 {¶ 51} The statute applicable to criminal forfeiture of property related to felony drug convictions is R.C. 2925.42. Under this statute, unlike under R.C. 2933.43(C), publication is not required. Accordingly, Oko's ninth assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR
 APPENDIX Assignments of Error
 "I. The trial court denied appellant due process of law and abused its discretion by vindictively increasing his sentence from a three-year term of imprisonment to an eight-year term of imprisonment following his conviction on remand. Fourteenth Amendment of the Constitution of the United States, Article I, § 16 of the Constitution of the State of Ohio."
 "II. The trial court failed to engage in the analysis required by Ohio Rev. Code § 2929.11(B) and make the required findings to ensure that appellant's sentence is consistent with sentences imposed for similar offenses committed by similar offenders." "III. Misconduct of the prosecuting attorney denied appellant due process of the law and equal protection of the laws. Fourteenth Amendment of the Constitution of the United States, Article I, § 16 of the Constitution of the State of Ohio." "IV. The trial court committed prejudicial error by interfering with the cross-examination of the informant by defense counsel. Sixth Amendment of the Constitution of the United States, Article I, § 10 of the Constitution of the State of Ohio."
 "V. The trial court committed plain error and denied appellant due process of law by failing to instruct the jury with regard to the credibility of an informant where the informant testified against appellant; the informant had been facing a 16-count indictment for drug trafficking; in exchange for his assistance to the police in setting up appellant, 14 pending felony drug trafficking charges against the informant were dismissed; the informant received a minimum sentence on the charges he plead guilty to; and where key aspects of the informant's testimony were uncorroborated."
 "VI. The trial court committed prejudicial error by admitting, over objection, Sate's Exhibit 3-A, a photograph of appellant, taken after he was arrested, depicting nothing other than the clothing he was wearing at the time of his arrest ('a dark-colored suit, a pink shirt, and a tie') where such evidence was of no probative value since the clothing appellant was wearing at the time of his arrest was not in issue and the use of such evidence served only to inflame the passions of the jury by playing into stereotypes."
 "VII. Appellant was denied effective assistance of counsel, in violation of the Sixth Amendment to the Constitution of the United States and Article I, Section 10 of the Constitution of the State of Ohio."
 "VIII. The judgment of conviction is against the manifest weight of the evidence."
 "IX. The trial court committed prejudicial error by ordering forfeiture of appellant's property without complying with the mandatory procedural requirements of Ohio Rev. Code § 2933.43(C)."
[1] See Appendix.
[2] State v. Oko, Cuyahoga App. No. 85049, 2005-Ohio-3705.
[3] North Carolina v. Pearce (1969), 395 U.S. 711, 723,23 L.Ed. 2d 656, 668, 89 S.Ct. 2072.
[4] Id. at 725.
[5] Id.
[6] Id. at 726, 23 L.Ed. 2d at 670. See, also, United States v.Sanders (C.A.1, 1999), 197 F.3d 568, 573.
[7] Tr. at 597-598.
[8] State v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083;State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341;State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571.
[9] State v. Keenan (1993), 66 Ohio St.3d 402, 405; State v. Gest
(1995), 108 Ohio App.3d 248, 257.
[10] Smith v. Phillips (1982), 455 U.S. 209.
[11] State v. Durr (1991), 58 Ohio St.3d 86, 94; State v. Maurer
(1984), 15 Ohio App.3d 239, 266.
[12] Tr. at 413-414.
[13] (1959), 360 U.S. 264, 79 S.Ct. 1173.
[14] State v. Tenace, 109 Ohio St. 3d 255; 2006-Ohio-2417; State v.demons, 82 Ohio St.3d 438, 451, 1998-Ohio-406.
[15] State v. Armstrong, Cuyahoga App. No. 87456,87457, 2006-Ohio-5447
at ¶ 41.
[16] State v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18, ?162; State v.Gapen, 104 Ohio St.3d 358, 2004-Ohio-6548 at ] }74; State v. Coley,93 Ohio St.3d 253, 266, 2001-Ohio-1340.
[17] (C.A. 5, 1976) 528 F.2d 580.
[18] Id. at 587.
[19] Id.
[20] Accord, State v. Griffin (C.A. 6, 1967) 382 F.2d 823; State v.Trapp, Cuyahoga App. No. 85446, 2005-Ohio-4829.
[21] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[22] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[23] Id. at paragraph two of syllabus.
[24] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[25] 78 Ohio St.3d 380, 386-387, 1997-Ohio-52.