[Cite as *State v. Meeks*, **2023-Ohio-4606**.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

RICKEY L. MEEKS,

        Defendant-Appellant.

**CASE NO. 2023-G-0016**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 C 000167

## O P I N I O N

Decided: December 18, 2023
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, and *Alexandria R. Scheid*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Gregory S. Robey*, 14402 Granger Road, Cleveland, OH 44137 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1}    Appellant, Rickey Meeks, appeals his convictions from the Geauga County Court of Common Pleas. For the following reasons, we affirm the trial court's judgment.

{¶2}    On March 21, 2023, a jury found Appellant guilty of three counts of Trafficking in Cocaine, fifth-degree felonies in violation of R.C. 2925.03(A)(1)(C)(4)(a), and three counts of Possession of Cocaine, fifth-degree felonies in violation of R.C. 2925.11(A)(C)(4)(a).

**{¶3}** On appeal, Appellant raises five assignments of error: (1) the state failed to present sufficient evidence to support Appellant's convictions; (2) his convictions were against the manifest weight of the evidence; (3) the trial court erred in "refusing" to allow defense counsel to fully examine the criminal informant; (4) the trial court erred by not giving certain jury instructions requested by the defense; and (5) text messages admitted into evidence were not properly authenticated.

**{¶4}** After a review of the record and applicable case law, Appellant's assignments are without merit. A reasonable jury could, and did, find that there was enough evidence to prove that Appellant committed three counts of Trafficking in Cocaine and three counts of Possession of Cocaine. The trial court did not err in "refusing" to allow defense counsel to cross-examine the criminal informant on his probation violation to impeach him because he had already admitted that he occasionally drinks. The trial court was not required to give jury instructions on the topics of "informant" and "drug addict" because Appellant was not prejudiced by the instructions' exclusion, the informant's testimony was corroborated by other evidence, and the trial court generally instructed the jury on witness credibility. Finally, the text messages admitted into evidence were authenticated because the recipient of the messages testified that they were between himself and Appellant.

**Facts and Procedural History**

**{¶5}** On March 1, 2021, Detective Andrew Humar and his narcotics unit were executing a search warrant for drug trafficking at a Slyvia Drive residence in Chardon, Ohio. Upon entering the residence, the detectives saw the subject of that investigation (unrelated to this case) and several others. One of the people present was Andrew

2

Burzanko. Upon searching Mr. Burzanko, the detectives found a vial with white residue in it and an article of drug paraphernalia. The white residue later tested presumptively positive for cocaine.

{¶6} The detectives arrested Mr. Burzanko and charged him with possessing drugs. Detective Humar asked Mr. Burzanko if he would be willing to cooperate with the narcotics unit as a criminal informant to provide them with two names of people trafficking in drugs and to assist in the investigation. In exchange, Detective Humar agreed to recommend dismissal of Mr. Burzanko's drug possession charges. Mr. Burzanko agreed. He provided Detective Humar with two names, one of which was Appellant's.

{¶7} Mr. Burzanko agreed to set up controlled buys with Appellant via text message. Mr. Burzanko had known Appellant for years and had previously bought cocaine from him. The phone number Mr. Burzanko showed Detective Humar is Appellant's known phone number. The name card on Mr. Burzanko's phone said "Tut." According to Mr. Burzanko, Appellant's nickname is "Turtle." When entering the name on his phone, Mr. Burzanko said he forgot the "r" and wrote "t" instead.

{¶8} Mr. Burzanko arranged via text message to meet with Appellant on April 21, 2021. Detective Humar, along with his surveillance team, met with Mr. Burzanko at a parking lot before the transaction. The detectives searched him and his vehicle for drugs, finding none. They gave him $200.00 for the purchase and attached an audio recording device to him. They then followed Mr. Burzanko to Appellant's known residence at 12030 Nicki Lane, Chardon, Ohio. The detectives could not see farther than the driveway, but did see a door open and Mr. Burzanko walk in. Detective Humar saw a 2003 Lexus Sedan in the driveway. He identified it as Appellant's known vehicle. Mr. Burzanko

3

returned to the parking lot after the transaction to meet with the detectives. He gave them the cocaine he had purchased; he had no other contraband or the money. Mr. Burzanko and Detective Humar repeated similar transactions the next two days on April 22 and 23, 2021. In one instance, Mr. Burzanko said that Appellant had left the cocaine on the counter during the transaction. On the other two transactions, Mr. Burzanko said that Appellant handed him the cocaine. During one transaction, Mr. Burzanko and Appellant are heard (via audio recording) discussing their upcoming birthdays, which are one day apart. After the third transaction, Detective Humar issued an arrest warrant and arrested Appellant.

{¶9} Appellant was indicted on three counts of Trafficking in Cocaine, fifth-degree felonies in violation of R.C. 2925.03(A)(1)(C)(4)(a), and three counts of Possession of Cocaine, fifth-degree felonies in violation of R.C. 2925.11(A)(C)(4)(a). He pled not guilty to all counts.

{¶10} On March 20, 2023, a jury trial began. Detective Humar and Mr. Burzanko testified to the above facts. They were the only witnesses to testify. On cross-examination, defense counsel asked Mr. Burzanko if he was an addict and what his drug of choice was. Mr. Burzanko replied "Yes. * * * Really it was cocaine. Really anything. I don't – except drinking." Mr. Burzanko explained: "I have had four DUI's for it and that's when I stopped. It was like I don't drink. I have maybe one or two drinks now every so often." When asked when he stopped drinking, Mr. Burzanko said about twenty years prior. He then clarified that he no longer heavily drinks or goes to bars, but he occasionally drinks.

4

{¶11} Also during cross-examination, defense counsel asked Mr. Burzanko if he had a prior "conviction regarding the label of a pill bottle." He said "yes" and that he was sentenced to jail. Defense counsel then asked whether Mr. Burzanko was sentenced to jail for the conviction or given probation. He replied "Yes. I was sentenced." When asked further about probation, the state objected. The court granted the objection based upon an earlier discussion outside the presence of the jury. At that discussion defense counsel argued to cross-examine Mr. Burzanko on the violation of probation in 2014 for testing positive for alcohol. Counsel asserted that the violation went to Mr. Buzanko's truthfulness and was admissible under Evid.R. 608(B). The court denied his motion and asserted that the testimony was not relevant.

{¶12} The state offered as exhibits: screenshots and photographs of the text messages between Mr. Burzanko and "Tut"; the audio recordings at each transaction; and photographs of the cocaine bought after each transaction. The state rested its case. Appellant moved for acquittal under Crim.R. 29. The court denied his motion. The defense objected to admitting the screenshots and photographs of the text messages into evidence, arguing that they had not been authenticated. The court denied the motion. The defense next offered criminal informant and drug addict jury instructions, relating to Mr. Burzanko's testimony. The court declined to give the jury instructions. The defense rested its case. The jury found Mr. Burzako guilty on all counts.

{¶13} On May 3, 2023, the court sentenced Appellant to two months of community control on each count to be served concurrently.

**Law and Analysis**

{¶14} Appellant timely appeals and raises five assignments of error.

5

{¶15}  His first two assignments relate and will be addressed together.

{¶16}  First assignment of error: "The state failed to present sufficient evidence to support criminal convictions of Appellant, resulting in substantive and procedural due process violations."

{¶17}  Second assignment of error: "The convictions of Appellant are against the manifest weight of the evidence presented, and said convictions must be vacated."

{¶18}  "'Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the [factfinder] or whether the evidence is legally sufficient to support the [factfinder's] verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), citing Black's Law Dictionary (6 Ed.1990) 1433.  The appellate court's standard of review for sufficiency of evidence is to determine, after viewing the evidence in a light most favorable to the prosecution, whether a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶19} When evaluating the weight of the evidence, we review whether the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other indicated clearly that the party having the burden of proof was entitled to a verdict in its favor, if, on weighing the evidence in their minds, the greater amount of credible evidence sustained the issue which is to be established before them.  "Weight is not a question of mathematics but depends on its effect in inducing belief."  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

6

Whereas sufficiency relates to the evidence's adequacy, weight of the evidence relates to the evidence's persuasiveness. *Id.*

{¶20} The trier of fact is the sole judge of the weight of the evidence and the credibility of the witnesses. *State v. Landingham*, 11th Dist. Lake No. 2020-L-103, 2021-Ohio-4258, ¶ 22, quoting *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). The trier of fact may believe or disbelieve any witness in whole or in part, considering the demeanor of the witness and the manner in which a witness testifies, the interest, if any, of the outcome of the case and the connection with the prosecution or the defendant. *Id.,* quoting *Antil* at 67. This court, engaging in the limited weighing of the evidence introduced at trial, is deferential to the weight and factual findings made by the factfinder. *State v. Brown*, 11th Dist. Trumbull No. 2002-T-0077, 2003-Ohio-7183, ¶ 52, citing *Thompkins* at 390 and *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph two of the syllabus. The reviewing court "determines whether * * * the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶21} A finding that a judgment is supported by the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence. *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶ 32.

{¶22} We begin by analyzing whether it was against the manifest weight of the evidence for the court to find Appellant guilty of violating R.C. 2925.03(A)(1)(C)(4)(a).

7

**{¶23}** R.C. 2925.03(A)(1)(C)(4)(a), Trafficking in Cocaine, provides: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance or a controlled substance analog."

**{¶24}** A person acts "knowingly" when "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Knowledge is generally not susceptible to direct proof, but must be determined through inferences drawn from the surrounding facts and circumstances. *State v. Green* 1st Dist. Hamilton No. C-860791, 1988 WL 38275, *4 (Apr. 20, 1988).

**{¶25}** In this case, the state offered, as evidence, the text messages between Mr. Burzanko and the cell phone number and contact commonly known as Appellant's. In those messages, Mr. Burzanko asked for drugs and stated that he was "jonesing." On each of the three instances, "Tut" replied that he would meet with him at the agreed location, Appellant's residence. On each of the three transactions, Mr. Burzanko returned to the detectives directly after completing the purchase. Each time he provided the detectives with the cocaine he had bought and did not have the marked money he used to purchase it. Appellant asserts that his convictions are against the weight of the evidence because the state did not introduce and admit video recordings of the transactions nor Appellant's phone records. Yet, notwithstanding the lack of video evidence and phone records, the remaining evidence was sufficient for a reasonable jury to conclude that Appellant knowingly committed Trafficking in Cocaine. Appellant also asserts that his convictions are against the manifest weight of the evidence because the marked money the detectives gave to Mr. Burzanko to purchase the drugs was never

8

Case No. 2023-G-0016

traced to Appellant. However, Detective Homar testified that marked money is rarely traced back to the seller. Based upon the evidence presented, a reasonable jury could find that Appellant knowingly sold cocaine to Mr. Burzanko on three instances.

{¶26} Appellant also asserts that his convictions under R.C. 2925.11(A)(C)(4)(a) are against the manifest weight of the evidence.

{¶27} R.C. 2925.11(A)(C)(4)(a) provides: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶28} "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Haynes*, 25 Ohio St.2d 264, 269-270, 267 N.E.2d 787 (1971). Although circumstantial evidence is sufficient to support the element of constructive possession, constructive possession cannot be inferred by a person's mere presence in the vicinity of contraband. *State v. Giles*, 8th Dist. Cuyahoga No. 63709, 1994 WL 189590, *2 (May 12, 1994). Constructive possession requires some evidence that the person exercised or has the power to exercise dominion or control over the object, even though that object may not be within his immediate physical possession. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351 (1976).

{¶29} Here, Mr. Burzanko testified that Appellant sold him cocaine. Specifically, he said that on one instance, Appellant left it for him on the counter as Mr. Burzanko purchased it, and on the other two instances, Appellant handed it to him. A reasonable jury could conclude, based upon this evidence, that Appellant possessed the cocaine

9

before selling it to Mr. Burzanko. This testimony is supported by the text messages showing that Mr. Burzanko texted Appellant to purchase the cocaine and agreed on a location, where they later met for the transaction. The evidence also showed that Mr. Burzanko returned the cocaine to the detectives immediately after meeting with Appellant. A reasonable jury could find that Appellant possessed and exercised control over the cocaine before selling it to Mr. Burzanko.

{¶30} Upon review, this is not the exceptional case in which the evidence weighs heavily against the conviction. Because Appellant's convictions were not against the manifest weight of the evidence, there was sufficient evidence to support his convictions.

{¶31} Appellant's first and second assignments of error are without merit.

{¶32} Third assignment of error: "The trial court erred when it refused to permit defense counsel to fully cross examine the government informant, resulting in a denial of due process and a fair trial."

{¶33} Appellant specifically asserts that defense counsel should have been permitted to cross-examine Mr. Burzanko about his violation of probation in 2014. He argues that Mr. Burzanko's violation went to his truthfulness and is admissible under Evid.R. 608(B).

{¶34} While "'cross-examination of a witness is a matter of right,' the "'extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court.'" *State v. Green*, 66 Ohio St.3d 141, 147, 609 N.E.2d 1253 (1993), quoting *Alford v. United States*, 282 U.S. 687, 691, 51 S.Ct. 218, 75 L.Ed. 624 (1931). The determination to admit or exclude evidence lies within the discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Miller*, 11th

10

Dist. Trumbull No. 2014-T-0061, 2015-Ohio-956, ¶ 14. "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.' *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676-678, [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9.

**{¶35}** Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.,* quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.,* quoting *Beechler* at ¶ 67.

**{¶36}** Evid.R. 404(A)(3) contains an exception to the general prohibition on character evidence, providing that "[e]vidence of the character of a witness on the issue of credibility is admissible as provided in Rules 607, 608, and 609."

**{¶37}** Evid.R. 608(B) provides, in relevant part, that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness * * *."

11

Case No. 2023-G-0016

{¶38} Evid.R. 608(B) requires "a high degree of probative value of instances of prior conduct as to truthfulness or untruthfulness of the witness before the trial court will allow such cross-examination." *State v. Norwood*, 11th Dist. Lake No. 2000-L-146, 2002 WL 445839, *3 (Mar. 22, 2002); *see* 1980 Staff Notes to Evid.R. 608.

{¶39} Appellant asserts that cross-examining Mr. Burzanko on his probation violation was admissible because Mr. Burzanko was untruthful when he testified about drinking alcohol. Mr. Burzanko said that he had stopped drinking alcohol twenty years prior. Yet, Mr. Burzanko violated probation by testing positive for alcohol in 2014; roughly nine years before he testified at Appellant's trial. He later explained that when he stated that he had stopped drinking, he meant that he stopped drinking heavily and going to bars, but that he still occasionally drinks.

{¶40} The trial court did not abuse its discretion in not allowing defense counsel to cross-examine Mr. Burzanko on his probation violation to impeach him on whether or not he drank alcohol. It was not arbitrary for the trial court to find that the testimony's probative value was low. More importantly, Mr. Burzanko was not untruthful. He had already corrected his earlier statement and explained that he still occasionally drank alcohol. Testifying that he violated probation by testing positive for alcohol, thus, had a low probative value and did not go to his truthfulness on the matter.

{¶41} Appellant also asserts that Mr. Burzanko was untruthful and denied violating probation. A review of the record reveals that this assertion is not true. Mr. Burzanko admitted to being sentenced to jail for his conviction and defense counsel was not permitted to further examine him on the matter regarding probation.

{¶42} Appellant's third assignment of error is without merit.

12

**{¶43}** Fourth assignment of error: "The trial court erred when it failed to give instructions by the defense, resulting in a denial of due process and a fair trial."

**{¶44}** "A trial court is responsible for providing all jury instructions that are relevant and necessary for the jury to weigh the evidence and determine the facts." *State v. Jennings*, 10th Dist. Franklin No. 09AP-70, 2009-Ohio-6840, ¶ 59, citing *State v. Moody*, 10th Dist. Franklin No. 98AP-1371, 2001 Ohio App. LEXIS 1111, 2001 WL 242547 (Mar. 13, 2001). A trial court's decision on jury instructions is treated with deference, and an appellate court will not reverse absent an abuse of discretion. *Ament v. Reassure Am. Life Ins. Co.*, 180 Ohio App.3d 440, 2009-Ohio-36, 905 N.E.2d 1246, ¶ 37 (8th Dist.), citing *Jaworowski v. Med. Radiation Consultants*, 71 Ohio App.3d 320, 327–328, 594 N.E.2d 9 (2d Dist.1991). To show reversible error, the proponent of the instruction must show both that the trial court's refusal to give the instruction was an abuse of discretion and that he was prejudiced by the court's refusal to give the proposed instruction. *Id.* Thus, this court will not reverse unless an instruction is so prejudicial that it may induce an erroneous verdict. *Youssef v. Parr*, 69 Ohio App.3d 679, 691, 591 N.E.2d 762 (8th Dist.1990).

**{¶45}** Appellant first argues that the trial court erred in not giving the jury an "informant" jury instruction. He contends that the instruction was relevant for the jury to weigh the evidence because there is no dispute that Mr. Burzanko was an informant and that he "was given consideration on his own criminal charges in exchange for his assistance and testimony in this case." Appellant also argues that the trial court erred in not giving a "drug addict" jury instruction relating to Mr. Burzanko.

13

Case No. 2023-G-0016

{¶46} In *State v. Oko*, Cuyahoga App. No. 87539, 2007-Ohio-538, *6, the Eighth District Court of Appeals held that a special jury instruction on an informant is not appropriate when the informant's testimony is corroborated by other evidence, such as audio recordings or detective testimony.

{¶47} *State v. Trapp*, 8th Dist. Cuyahoga No. 85446, 2005-Ohio-4829, ¶ 11 also addresses when "informant" and "drug addict" jury instructions are not required. "Where the trial court adequately covers witness credibility in its general charge to the jury, there is no need for special comment or instruction." "[A] trial judge may not single out a particular witness or group of witnesses to discuss their credibility, since such discussion exerts an undue influence on the jury." *Id.* quoting *State v. Group*, 98 Ohio St.3d 248, 266, 2002-Ohio-7247, 781 N.E.2d 980.

{¶48} In this case, the trial court did not abuse its discretion in not giving special jury instructions on "informants" and "drug addicts." The jury's not being instructed did not prejudice Appellant because Mr. Burzanko testified at length that he was a criminal informant, that his criminal charges would be dismissed in exchange for his assistance, and he admitted to being a drug addict. Mr. Burzanko's testimony was also corroborated by audio recordings and text messages between himself and Appellant. Detective Homar's testimony also corroborated Mr. Burzanko's. We further note that the trial court generally instructed the jury on witness credibility. Under *State v. Group, supra,* a special jury instruction on Mr. Burzanko's informant status or drug addiction would therefore be impermissible.

{¶49} Appellant's fourth assignment of error is without merit.

{¶50} Fifth assignment of error: "The trial court erred when it permitted the prosecutor to introduce text messages allegedly sent by defendant to the informant, which were not properly authenticated."

{¶51} Appellant argues that the text messages and photographs of the text messages were never authenticated because the detectives never seized Appellant's phone nor his phone records.

{¶52} "A trial court's ruling on the admission of evidence is generally reviewed for an abuse of discretion." *State v. Dotson*, 11th Dist. No. 2017-T-0103, 2019-Ohio-2393, 139 N.E.3d 430, ¶ 49. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by introducing "evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). This threshold requirement for authentication of evidence is low and does not require conclusive proof of authenticity. *State v. Renfro*, 12th Dist. Butler No. CA2011-07-042, 2012-Ohio-2848, ¶ 30. Instead, the state only needs to demonstrate a "reasonable likelihood" that the evidence is authentic. *Id.* Such evidence may be supplied by the testimony of a witness with knowledge. Evid.R. 901(B)(1).

{¶53} "Statements from text messages are properly authenticated and are admissible as a party-opponent admission when the recipient of the messages identifies the messages as coming from the defendant." *Ellis v. Skinner*, 11th Dist. Geauga No. 2022-G-0009, 2022-Ohio-4793, ¶ 83. Further, photographs of text messages sent from a defendant are not hearsay, instead they qualify as a party-opponent admission under Evid.R. 801(D)(2), as long as the statements are properly authenticated. *State v.*

15

*Bickerstaff*, 11th Dist. Ashtabula No. 2014-A-0054, 2015-Ohio-4014, ¶ 15; State v. Shaw, 2013-Ohio-5292, 4 N.E.3d 406, ¶ 43 (7th Dist.).

{¶54} Here, Mr. Burzanko authenticated the text messages when he identified them as being exchanged between himself and Appellant. The photographs of the text messages were also authenticated because Detective Humar had personal knowledge that he took the photographs himself and that Mr. Burzanko identified Appellant as the recipient of the messages.

{¶55} Appellant's fifth assignment of error is without merit.

{¶56} The judgment of the Geauga County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

16